A. J. HOSKINSON *et al.* V. E. A. BAGBY.

1. SEPARATE TRIALS — *Discretion of Court.* It is within the discretion of the trial court to allow separate trials to the several defendants in an action, or to refuse the same; and its ruling upon the subject will never be reversed unless it can be clearly seen that the trial court abused its discretion.

2. NOTE — *Action — Prima Facie Case for Plaintiff.* Where the defendants in an action upon a promissory note admit that they signed the note, and that the note after its maturity was assigned to the plain-

tiff in the action by the payee of the note, and the plaintiff has the possession of the note, *held*, that a *prima facie* case in favor of the plaintiff and against the defendants is established.

3. DEFENSE—*Burden of Proof.* And where the defendants in such an action set up as a defense to the action that there was an agreement made at the time of signing the note that it should not have any force or effect unless another person besides the defendants should also sign the note, and such person never did sign the note, and such defense was verified by affidavit, and such defense was denied by the plaintiff, but the denial was not verified by affidavit, *held*, that the burden of proving such defense nevertheless rested upon the defendants.

*Error from Finney District Court.*

ACTION upon a promissory note. Judgment for plaintiff, *Bagby*, April 1, 1888. The defendants, *Hoskinson* and 15 others, bring the case to this court. The opinion states the facts.

*Milton Brown,* and *Hopkins & Hoskinson,* for plaintiffs in error.

*Geo. E. Morgan,* and *H. F. Mason,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought in the district court of Finney county, by E. A. Bagby against A. J. Hoskinson and 15 others, on a promissory note, which, omitting signatures, reads as follows:

"$3,892.28. GARDEN CITY, KAS., December 27, 1886.

"For value received, six months after date, we promise to pay to the order of the Bank of Western Kansas, thirty-eight hundred ninety-two and $\frac{28}{100}$ dollars, at its office in Garden City, Kas., with interest at the rate of 12 per cent. per annum from maturity until paid, and we hereby waive all notice of protest, and agree to extensions of this note without notice."

The note was signed by all the defendants. The plaintiff alleged in his petition that he was the owner of the note, and he attached a copy thereof, with all the indorsements thereon, to his petition, and made the same a part thereof. The indorsements read as follows:

"Pay the within to E. A. Bagby, without recourse to the

Bank of Western Kansas. 22d July, 1887. F. M. DICKEY, cashier of Bank of Western Kansas."

Each defendant answered separately, setting forth that he had signed the note, but that the note was intended to be given as a renewal, and in lieu of another note signed by all the defendants and H. P. Myton, with the agreement that the note sued on should not have force or effect unless all the makers of the original note should sign the new one, and that H. P. Myton did not sign the new one, and that the new note now in suit "was assigned to the plaintiff by the Bank of Western Kansas" after maturity, and with a full knowledge on his part of the above facts; and that the new note was given without consideration. The answer of each of the defendants was verified by affidavit, and the plaintiff replied to each answer by filing a general denial, except as to matters admitted by the defendants, and the replies were not verified by affidavit. The case was tried before the court and a jury, and the jury found generally and specially in favor of the plaintiff and against the defendants, assessing the amount of the plaintiff's recovery at $4,189.39; and, upon the general verdict and special findings of the jury, the court rendered judgment in favor of the plaintiff and against the defendants for the amount found due by the jury; and 12 of the defendants, as plaintiffs in error, have brought the case to this court, making the plaintiff below the defendant in error.

The first alleged error is as follows: "The court erred in refusing the defendants each a separate trial, and in overruling their applications for separate trials." Section 268 of the civil code provides as follows:

"SEC. 268. A separate trial between the plaintiff and any and all of several defendants may be allowed by the court whenever justice will be thereby promoted."

It is within the discretion of the trial court to allow separate trials to the several defendants in an action, or to refuse the same, and its ruling upon the subject will never be reversed, unless it can be clearly seen that the trial court abused its discretion. (*Rice v. Hodge*, 26 Kas. 164.)

The next alleged error is as follows: "The court erred in permitting the plaintiff to read the note sued on in evidence over the objections of the defendants." There was certainly no error in this, and for several reasons: It was admitted by the defendants that they signed the note sued on, and that the same "was assigned to the plaintiff by the Bank of Western Kansas," the payee thereof; and the plaintiff before reading the note in evidence showed that he was in the possession of the same, and had been for some time prior to the commencement of this action. Indeed, sufficient was admitted by the defendants in their several answers to make out a *prima facie* case against them and in favor of the plaintiff. The following instruction given by the court to the jury states the law correctly, to wit:

"You are instructed that the possession of the note by the payee thereof is *prima facie* evidence of its delivery, which must be overcome by evidence of the defendants; otherwise it must be regarded as sufficiently proved."

As the plaintiff by the pleadings and also by the evidence made out a *prima facie* case concerning the execution of the note and its delivery, as well as everything else necessary to entitle him to recover, it then devolved upon the defendants to prove their affirmative defenses, that there was a parol agreement, and other facts on account of which the note was not regularly executed or delivered, and that it was without consideration. There can really be no pretense that the note was without consideration; and as to whether it was properly executed and delivered or not, the jury found against the defendants and in favor of the plaintiff, both generally and specially, and upon sufficient evidence. From the evidence in the case, it would seem that the note, from its inception up to the time when it was transferred to the plaintiff, was in the possession of the Bank of Western Kansas by one or more of its agents, and since, it has been in the possession of the plaintiff. It was an agent of the bank who procured the signatures of the defendants to the note.

There are some other questions presented and claims of

error made, but we do not think that any of the questions are of a substantial character, or that any of the claims of error are tenable.

Upon the entire record in the case we think the judgment of the court below is correct, and it will be affirmed.

All the Justices concurring.