(July 7, 1925.)

NEW ENGLAND NATIONAL BANK OF KANSAS CITY, a Corporation, Appellant, v. J. I. HUBBELL and DOW WILLIAMS, Respondents.

[238 Pac. 308.]

Appeal and Error—Motion for Dismissal—Bills and Notes—Conditional Delivery — Burden of Proof — Effect of Renewal Note—Trial—Instructions — Evidence—Declarations Against Interest—Competency—Corporations—Notice to Officers—Estoppel of Officers as Against Corporation.

1. A motion for dismissal of an appeal will not be considered if the motion and supporting papers in themselves do not show moving party's right to dismissal.

2. In the absence of an agreement that an indorsement shall not take effect as a contract until additional indorsers are secured, a promissory note is complete as a contract, against the indorsers, upon its manual delivery to payee, regardless of whether the indorser or the payee undertakes to procure additional signatures.

3. If there is an agreement limiting the effect of the indorsement, the note does not constitute a liability against the indorser until the additional indorsers are procured.

Publisher's Note.

2. Liability of indorser of note before delivery, see note in 27 Am. Rep. 580.

3. Liability of surety signing on condition that another surety be secured, see note in Ann. Cas. 1918D, 512.

4. An understanding by one party to a promissory note does not constitute an agreement, so as to limit the effect of an indorsement.

5. The party setting up the defense of conditional delivery of a promissory note has the burden of proving such defense.

6. In determining whether or not a single instruction is prejudicial, it will be considered in connection with other instructions.

7. Instruction on burden of proof considered in connection with other instructions given, and *held* not prejudicial.

8. Where a party introduces evidence tending to show delivery of a promissory note as a present obligation, as against evidence of conditional delivery produced by other party, the court is required to instruct the jury upon the law applicable to both theories of the case.

9. Where the evidence is such that a jury could find a verdict in favor of some defendants, and against others, they should be instructed accordingly.

10. Where both the original note, upon which the action is brought, and a note given in renewal thereof were indorsed by defendants upon the condition that a certain number of indorsers should be procured before the indorsement should take effect against the defendants, the execution of the renewal note did not under such circumstances bar the defendants from setting up against the original note the defense that the condition had not been complied with.

11. Notice to an officer of a corporation is notice to the corporation unless the officer, as a matter of fact, is acting adversely to the corporation.

12. Refusal of an instruction that the jury should not be influenced by the fact that one party to an action is a large corporation is not error where there is not reason to distrust the integrity of the jury or impute partiality to them.

13. A party by becoming a director of a corporation does not lose the right to interpose in an action upon a promissory note by the corporation against himself and others a defense thereto

---

Publisher's Note.

11. Notice to corporate officer as affecting corporation, see notes in 36 **Am. Dec.** 188; 39 **Am. Rep.** 322.

Notice to corporate officer acting in own interest as imputable to corporation, see notes in 6 **Ann. Cas.** 679; **Ann. Cas.** 1912C, 295; **Ann. Cas.** 1916B, 328.

which accrued to him prior to the time he became such director, nor is he barred from claiming that the corporation has not performed a condition precedent to its acquiring a right of action against him on such note.

14. In an action upon an original note, evidence that defendant as a member of the loan and discount committee⁶ of a bank had approved a note given in renewal thereof is admissible as a declaration against interest to rebut claim by such defendant, indorser on both notes, that the bank had acquired no right of action against him by its failure to procure other indorsers on such notes.

15. The judgment of the lower court will be reversed where, on the whole record, the instructions given did not fairly present the appellant's case to the jury, and it thereby did not have a fair and impartial trial.

APPEAL from the District Court of the Ninth Judicial District, for Bonneville County. Hon. Geo. W. Edgington, Judge.

Action upon promissory note. Judgment for defendants. *Reversed and new trial granted.*

G. D. McClintock, for Appellant.

A party to a suit is entitled to have instruction given at his request presenting his theory of the case. (14 R. C. L. 799; *Jones v. City of Caldwell,* 20 Ida. 5, 116 Pac. 110, 48 L. R. A., N. S., 119; *Biggs v. Seufferlien,* 164 Iowa, 241, 145 N. W. 507; *Poole v. Consolidated St. Ry. Co.,* 100 Mich. 379, 59 N. W. 390, 25 L. R. A. 744; *Russell v. State,* 77 Neb. 519, 110 N. W. 380; 14 R. C. L. 794; *Gypsy Oil Co. v. Ginn,* 88 Okl. 99, 212 Pac. 314; *Anderson v. Wallowa National Bank,* 100 Or. 679, 198 Pac. 560.)

A note delivered as a present obligation with an understanding that the indorsers may secure other signers is not a conditional delivery. (*Zimbleman & Otis v. Finnegan,* 141 Iowa, 358, 118 N. W. 312; *Rohrman v. Bonser,* 157 Ky. 397, 163 S. W. 193; *Mitchell v. Altus State Bank,* 32 Okl. 628, 122 Pac. 666; *McGregor v. Skinner* (Tex.), 47 S. W. 398.)

If there are two defendants in an action, one of whom may under the evidence be found liable and the other not liable, it is error to give instruction which assumes that if one defendant is liable, both are liable. (*Hansen v. Crocker,* 160 Ill. App. 514.)

An instruction undertaking to state the material facts necessary to a party's recovery, but omitting therefrom material facts, is fatally defective. (*Wiemer v. Temple,* 145 Ill. App. 498; *Southern Ry. Co. v. Lawler,* 11 Ala. App. 241, 65 So. 857; *Springfield Con. Ry. Co. v. Gregory,* 122 Ill. App. 607; *Dudley v. State,* 40 Ind. App. 74, 81 N. E. 89; *Atlantic Coast Line Ry. Co. v. Newton,* 118 Va. 222, 87 S. E. 618; *Indianapolis Trac. & Term. Co. v. Mathews,* 177 Ind. 88, 97 N. E. 320; *Illinois Cent. Ry. Co. v. Warriner,* 132 Ill. App. 301, 82 N. E. 346.)

Giving of a renewal note waives any defense to original of which maker had knowledge at time of renewal. (*Longacre v. Robinson,* 274 Pa. 35, 117 Atl. 408; *McGinnis v. McCormick,* 28 Ga. App. 144, 110 S. E. 341; *Thorpe v. Cooley,* 138 Minn. 431, 165 N. W. 265; *Adams v. Overland Auto Co.* (Tex. Civ.), 202 S. W. 207.)

One who has had time and opportunity to ascertain the facts about a note and delivers a renewal thereof will be deemed to have knowledge of any defects and waive them. (*Smith v. Smith,* 4 Ida. 1, 35 Pac. 697.)

A bank will not be charged with knowledge or notice of facts known to one of its officers in connection with a transaction in which such officer is interested adversely to the bank, or is an officer of a corporation dealing with the bank, and this is true even though such officer is the only one who acts for the bank in such transaction. (*American Nat. Bank v. Ritz* (W. Va.), 74 S. E. 679, 40 L. R. A., N. S., 156; *First Nat. Bank v. Foote,* 12 Utah, 157, 42 Pac. 205; *Lamson v. Beard,* 94 Fed. 30, 36 C. C. A. 56, 45 L. R. A. 822; *People's Savings Bank v. Hine,* 131 Mich. 181, 91 N. W. 130; *Union State Bank v. First Nat. Bank,* 122 Ark. 612, 184 S. W. 411; *First Denton Nat. Bank v. Kenney,* 116 Md. 24, Ann. Cas. 1913B, 1337, 81 Atl. 227; *City Bank of Wheeling v.*

*Bryan,* 78 S. E. 400; *Smith v. Wallace Nat. Bank,* 27 Ida. 441, 150 Pac. 21.)

Inasmuch as corporate officers hold property for the corporation and not otherwise, they are estopped to dispute the corporation's title to or custody of the property. (4 Fletcher on Corporations, 3519.)

James S. Byers, for Respondents.

The makers of a note may show by parol that the note sued upon was not signed as a completed contract, but subject to the condition that the note was to become binding only when signed by another or all of a number of designated persons, and that none should be bound unless all those whom it was agreed should sign the note did in fact sign it. (*Vincent v. Russell,* 101 Or. 672, 201 Pac. 433, 20 A. L. R. 417, and notes.)

If the delivery of the note was conditional, the instrument does not become a binding obligation until the condition on which its delivery depends has been fulfilled. (3 R. C. L., sec. 43; *Carter v. Moulton,* 51 Kan. 9, 37 Am. St. 259, 32 Pac. 633, 20 L. R. A. 309; C. S., sec. 5883; 20 A. L. R. 440, 442; Joyce on Defenses to Commercial Paper, secs. 312–316, 489, 490; 8 C. J. 205.)

It is a good defense where the note was not to take effect until other signatures were procured. (Joyce on Defenses to Commercial Paper, sec. 315.)

The mere giving of erroneous instructions is not reversible error where the verdict is clearly right on the merits. (Brickwood, Sackett's Instructions, sec. 190; Hughes on Instructions, sec. 243; *Shawnee Nat. Bank v. Wootten and Potts,* 24 Okl. 425, 103 Pac. 714, 38 Cyc. 1813.)

BUDGE, J.—The facts in this case are substantially as follows: On August 12, 1919, the Thousand Springs Land & Irrigation Company, an Idaho corporation, herein referred to as the company, executed and delivered to the State Bank of Idaho Falls, hereinafter named as the State Bank, a promissory note in the principal sum of $8,500, dated

August 12, 1919. About the same time, the note was indorsed by respondents W. T. Pettinger, C. W. Mulhall, J. I. Hubbel, Dow Williams and Armour & Douglass, copartners, by T. M. Douglass, Jr., and by W. H. Clyne, these parties being some of the stockholders of the company. In December, 1919, the company, by reason of the nonpayment of the state corporation license fee, forfeited its right to do business, and did not procure a reinstatement. About May 12, 1920, a note for the principal sum of $9,000 bearing on its face the statement that it was given "in renewal of note $8,500.00 and int. dated August 12, 1919," was signed in the company's name by A. T. Shane and V. K. Tuggle, respectively the president and secretary of the company in December, 1919. This renewal note was indorsed by Armour & Douglass, by T. M. Douglass, Jr., J. I. Hubbell and Dow Williams, some of the parties who had indorsed the original note, and it was then turned over to the bank by V. K. Tuggle, who was also the State Bank's cashier. After the maturity of the renewal note, both original note and renewal note were delivered to the appellant New England National Bank as security for the repayment of money loaned to the State Bank.

Appellant brought this action upon the original note of August 12, 1919, against the directors of the company in office at the time its charter was forfeited, as trustees for that corporation, and against the indorsers whose names are given above. Upon motion of appellant the complaint was dismissed as to defendant W. H. Clyne. On agreement of the parties, judgment was taken by appellant against the trustees of the company, and the cause was tried on the merits as to respondents Pettinger, Hubbel, Mulhall, Williams and Armour & Douglass, copartners. From a judgment following verdict in favor of respondents, appellant brings this appeal.

Thereafter appellant dismissed the appeal as against the respondents Armour & Douglass, copartners, W. T. Pettinger, and C. W. Mulhall. The remaining respondents filed a motion to dismiss the appeal as to them, assigning as the

ground for such motion that appellant settled out of court its cause of action as to the other respondents, and released certain property of such respondents held under writ of attachment issued in the action, and that such settlement is therefore settlement in full, and releases and discharges from liability all of the parties who were defendants below. The promissory note sued upon is by its terms both a joint and a several obligation, if any obligation at all, and the application supporting the motion shows nothing from which it could be found that the obligation is any other than appears from the face of the note. There is no ground shown for dismissal of the appeal.

Only two respondents are now before this court, viz.: J. I. Hubbell and Dow Williams. In view of that state of the record, we will consider only such of the errors assigned as affect those respondents.

Respondents' answer to appellant's complaint alleged as an affirmative defense that it was mutually and specifically agreed between the State Bank and each of the respondents indorsing the original note that said note should not be used, or owned, or take effect, or be held, or considered delivered to the State Bank, or be an obligation as to the respondents, until the signatures of each, everyone, and all of the stockholders of the company were duly indorsed upon the said note; that there were some twenty, and at least eighteen, members and stockholders of the company. The note was actually indorsed by six stockholders only.

Upon the trial of the cause, respondents produced evidence in support of the foregoing allegations of their answer. The appellant introduced evidence tending to show delivery of the note as a present obligation, but with the privilege to the indorsers of securing other names to share the liability.

The general rule would seem to be that in the absence of an agreement that an indorsement shall not take effect as a contract until additional indorsers are secured, a promissory note is complete as a contract against the indorser, upon its manual delivery to the payee, regardless of whether

it is the indorser or the payee who undertakes to procure additional signatures. If there is such an agreement limiting the effect of the indorsement, the note does not constitute a liability against the indorser until the additional indorsements are procured. An understanding by one party alone is not an agreement. (*Vincent v. Russell,* 101 Or. 672, 201 Pac. 433, 20 A. L. R. 417, and the cases collected in the A. L. R. note.) The party setting up the defense of conditional delivery of a promissory note has the burden of proving that there was no delivery so as to give effect to the instrument. (*Dickson v. Protzman,* 123 Wash. 247, 212 Pac. 249; *Hall v. Farmers' Bank of Severance,* 74 Colo. 165, 220 Pac. 237; *Hoskinson v. Bagby,* 46 Kan. 758, 27 Pac. 110.)

It is first insisted by the appellant that the court erred in the giving of its instruction No. 3, in that while the court instructed the jury that the burden was upon the appellant to prove by a preponderance of the evidence each and every material allegation of its complaint, it did not at the same time instruct the jury that the burden was upon the respondents to prove by a preponderance of the evidence the affirmative allegations of their answer. It will be conceded that the burden was upon respondents to prove by a preponderance of the evidence their defense of no delivery of the promissory note in question, and that it was error for the court to fail to so instruct the jury. However, in its instruction No. 14, the court instructed the jury that if they found from a preponderance of the evidence that it was agreed between the State Bank and the respondents that the note sued upon in this action was not to take effect, and was not to be used by that bank until all of the members and stockholders of the company had indorsed the note, and that if they found that all the members and stockholders of the company had not indorsed the note, then their verdict should be for the respondents. While this instruction does not fully cover appellant's objection, we think that the jury could reasonably have understood therefrom that the burden of proof was upon the parties alleging the defense, and, following the general rule that instructions must be considered

as a whole, we would not be inclined to hold that the case should be reversed were this the only error presented.

Appellant further assigns as error the action of the court in giving its instruction No. 14 for the following reasons: (a) It gave undue prominence to respondents' theory of the case without at the same time instructing upon appellant's theory; (b) in the form given it in effect instructed the jury that all the respondents delivered the note to the bank under the same agreement, while as a matter of fact the evidence is undisputed that whatever agreements were made were made at different times and at different places; (c) it attempts to set out all the material facts necessary to be shown to defeat recovery by appellant, but omitted one material fact, the execution of the renewal note.

As has been previously noted, the appellant introduced some evidence tending to show the delivery of the note in question as a present obligation. Every litigant is entitled to have his theory of the cause submitted to the jury if there is evidence to support it. (*Keim v. Gilmore & Pittsburg R. R. Co.*, 23 Ida. 511, 131 Pac. 656; *Jones v. City of Caldwell*, 20 Ida. 5, 116 Pac. 110, 48 L. R. A., N. S., 119.) We think the court was required to instruct the jury upon the difference between a signature affixed to an instrument upon a condition precedent to the instrument taking effect, and a signature procured upon the faith of a promise by the payee to secure additional signatures, but without condition regarding the taking effect of the instrument as a contract.

The indorsements on the notes were procured at different times and places. All of the indorsers were not present at each time that a signature was placed upon the note. Each respondent did not give identically the same evidence. Particularly is this true with regard to respondent Hubbell. The evidence did not require a verdict in favor of all respondents or against all. The court should therefore have instructed the jury that they could find in favor of one or more of the respondents and against others, did the evidence so warrant. This it did not do.

There now remains the last objection to instruction No. 14, viz.: that it attempted to set out all the material facts necessary to be found in favor of the respondents to justify a verdict in their favor, but omitted any mention of the renewal note of May 12, 1920. In this case, for reasons no doubt satisfactory to appellant, suit was brought, not upon this renewal note, but upon the original note of August 12, 1919, which was never surrendered. Appellant's contention is that the court should have instructed the jury that if Hubbell or Williams indorsed the renewal note with knowledge or the means of knowledge that the original note had not been indorsed in accordance with the agreement alleged, they were thereby estopped to set up that defense. We cannot agree that the execution of a renewal note is in all cases a waiver of any defenses to the original. The rule announced in the cases of *Smith v. Smith*, 4 Ida. 1, 35 Pac. 697, and *Padgett v. Lewis*, 54 Fla. 177, 45 So. 29, that the giving of a renewal note waives those defenses to the original which the maker could have discovered upon reasonable inquiry, will not be applied to the facts in the present case without qualification. Both Hubbell and Williams testified that they signed the renewal note with the same conditions attached to their indorsement taking effect as a contract as were attached to their indorsement of the original note. Under such circumstances, if found to exist, the indorsement of the renewal note could not be waiver of defenses to the original note. The court should have instructed the jury upon the waiver of defenses to an original note implied from the execution of a renewal, qualified as herein stated, in order to submit to the jury's consideration all the evidence offered in the case.

Appellant also assigns as error the refusal of the court to strike testimony as to conversations with the cashier of the State Bank, V. K. Tuggle, on the occasion of the signing of the renewal note, on the ground that he was an officer of the company, and therefore not a representative of the State Bank, and notice to him would not be notice to the bank. To apply the rule of law that notice to an officer is not notice

to the corporation, it must be first found that the officer was acting in his own interests and adverse to those of the corporation. We cannot say as a matter of fact from the record that Mr. Tuggle was acting adversely to the State Bank in the matter of the renewal note, and therefore cannot hold as a matter of law that the conversations had by him with the various indorsers were not binding upon the State Bank.

It is next assigned as error that the court refused to instruct the jury that they should not be influenced by the fact that one party to the suit was a large corporation. The refusal of such an instruction is not error where there is no reason to distrust the integrity of the jury or to impute partiality to them. (*Central Branch U. P. R. Co. v. Andrews,* 41 Kan. 370, 21 Pac. 276.) No sufficient reason is presented why the instruction was necessary in this case.

Appellant next contends that for the reason respondent Hubbell was a director of the bank from January, 1920, to the date it closed, during the times the bank held either the original or the renewal note, he is thereby estopped from denying the validity of either note as against him. The bank acquired the original note at a time when he was not a director. He testified that it was agreed between him and the State Bank that his indorsement upon the renewal note was upon a condition precedent. Whether his acts as a director conflicted with the claim of a conditional delivery, and whether they constituted an estoppel against him and in favor of the State Bank or the appellant, were properly submitted to the jury in the court's instruction No. 15. The rule that a director is estopped to deny the corporation's title to its property is based upon the ground that the director is an agent of the corporation. An agent by accepting the agency does not lose any rights he might have had prior thereto. (2 C. J. 744, 745.) The securing of the necessary number of indorsers, if the renewal note was given under the same conditions as the original, was a condition which the corporation must comply with before it obtained a right against its director. We do not think that under the cir-

cumstances the mere fact that Hubbell was a director of the bank operated to deprive him of the right to claim that there was no delivery of the original or the renewal note.

In the course of the trial the appellant offered to show by V. K. Tuggle that the respondent Hubbell, as a member of the loan and discount committee of the State Bank, had approved the renewal of the $8,500 note. The offer was actually to show that the $9,000 renewal note was approved as valid asset of the bank, and was rejected by the court on the ground that the original note was the one in suit. We think this was error, as the fact of approval of the renewal note would be competent evidence as a declaration against interest tending to show that the renewal note was a present, unconditional obligation of at least that one indorser, and competent evidence to go to the jury to rebut evidence introduced to the effect that the original note was given conditionally.

Other assignments of error are presented but are not of sufficient importance to require further discussion.

On the whole record, we think that the instructions of the court did not fairly present the appellant's case to the jury, and for that reason the appellant has not had a fair and impartial trial. The judgment of the district court is therefore reversed, with directions to grant a new trial. Costs are awarded to appellant.

William A. Lee, C. J., Wm. E. Lee, and Taylor, JJ., concur.