Argued January 15; affirmed February 17; rehearing denied
July 8, 1931.

# HAYNES *v.* SPRAGUE ET AL.

(295 P. 964)

*Marvin K. Holland,* of Portland, for appellants.
*E. B. Tongue,* of Hillsboro, for respondent.

KELLY, J. This is an action to recover damages alleged to have been sustained by plaintiff because of the alleged negligence of defendants. The defense of contributory negligence was interposed. A trial was had resulting in a verdict for the defendants. A judgment of dismissal was entered. Thereafter, upon motion of plaintiff, the verdict was set aside, the judgment vacated and a new trial granted. Defendants appeal.

The lower court was of the opinion that error was committed in giving certain instructions.

The plaintiff was traveling in a northerly direction on a bicycle upon a public highway, known as the Roosevelt highway, approximately a mile from the town of Neskowin in Tillamook county. The defendant, Sprague, alleged to have been the agent of defendant Marshall-Wells company, was driving an automobile in the same direction and in attempting to pass plaintiff a collision occurred which forms the basis of this action.

The court was confronted with the duty of determining the status of a bicycle rider upon a public highway. The motor vehicle law defines the term "vehicle" to mean "every mechanical device moving by any other power than human power over the highways of the state, excepting only such as move exclusively on stationary rail tracks": Subd. 5, § 55-101, Oregon Code 1930; L. 1927, ch. 364, § 1, p. 486.

■ This statutory definition excludes bicycles from the statutory provisions of the Motor Vehicle Act in so far as such provisions apply only to vehicles. "Inclusio unius est exclusio alterius." The only reference to bicycles appearing in the Motor Vehicle Act is the provision that they shall be. equipped with a front lamp and a red light or reflex mirror in the rear: Subd. f, § 55-909, Oregon Code 1930; L. 1929, ch. 328, p. 367.

The weight of authority, as expressed by the decisions of the courts, is to the effect that a bicycle is deemed to be a vehicle: 7 C. J. 1152, 1153, note 97, and cases there cited.

■■ In 1862 the term "vehicle" was used in the statute of Oregon requiring meeting vehicles to turn to the right. Deady's Code, p. 876, § 68. This statutory provision is still in force, having been repealed and reenacted in 1903: L. 1903, p. 262, § 44; § 55-505, Oregon Code 1930. It discloses statutory recognition of vehicles not defined in the motor vehicle act; and, while traveling upon a public highway, bicyclists are controlled by it (*Dice v. Johnson,* 187 Iowa 1134; 175 N. W. 38), and the rules of the road as recognized by the common law reflected in the decisions of the courts.

The lower court gave the following instructions:

"Sixth, it shall be the duty of the operator of any overtaken vehicle to turn to the right and give one-half

of the road to the overtaking vehicle, and not to increase his speed while being passed, and such vehicle and/or load shall not extend beyond the left of the center line of the road.

"Tenth, the person in charge of any vehicle moving along and upon any street, road or highway shall keep such vehicle and load thereon to the right-hand boundary of such street, road or highway, so as to allow more swiftly moving vehicles free passage to the left."

Under the common law, there is no duty upon the operator of a vehicle, about to be overtaken, to turn to the right, nor is there any mandate requiring him to keep such vehicle to the right-hand boundary of the highway so as to allow a more swiftly moving vehicle free passage to the left. Under the common law, if there is room either to the right or left of the overtaken vehicle for the other to pass, no duty rests upon the one ahead to turn in either direction: *Niedzinski v. Coryell*, 215 Mich. 498 (184 N. W. 476), quoting 2 Elliott on Roads and Streets (3d Ed.), § 1084; 37 Cyc. 272, note 94, citing *Elenz v. Conrad,* 123 Iowa 522 (99 N. W. 138); *Foster v. Goddard,* 40 Me. 64; *Holt v. Cutler,* 185 Mass. 24 (69 N. E. 333); *Lorenz v. Tisdale,* 127 App. Div. 433 (111 N. Y. S. 173); *Bolton v. Colder and Wilson,* 1 Watts (Pa.) 360.

The learned judge of the circuit court also instructed the jury with reference to the rights and duties of a bicyclist as follows:

"The bicycle, in using the road, would have the right, in the absence of any regulatory direction, to travel on any part of the highway, but like every person in every situation, in such use of the highway the bicyclist would have to use reasonable care not only for his own safety but for the safety of others; and that seems to be about the rule with respect to this bicycle on the highway."

■■■ This instruction is faulty in that the last clause thereof renders it uncertain and vague. Moreover, it omits to state that it is the duty of a bicyclist, when aware of the approach from the rear of another vehicle seeking to pass, to give sufficient room on one side or the other for the overtaking vehicle to pass if by the exercise of reasonable care this may be accomplished. This instruction did not correct the error in giving the sixth and tenth instructions first quoted.

■■ The writer deplores the necessity of applying rules of the common law to bicyclists while the operators of nearly all other vehicles are governed by the Motor Vehicle Act; but it is the duty of the court merely to declare the law, not to amend it. If, in its wisdom, it is so minded, the legislature could amend the Motor Vehicle Act to include bicycles within the meaning of the term "vehicle."

The order of the circuit court granting a new trial is affirmed.

BEAN, C. J., RAND and ROSSMAN, JJ., concur.