[Civ. No. 10808. First Appellate District, Division One.—June 7, 1939.]

CATERINA GALLARDO et al., Respondents, v. LAWRENCE LUKE et al., Appellants.

Myron Harris, William H. Older, Applebaum & Mitchell and John Jewett Earle for Appellants.

James F. Galliano for Respondents.

WARD, J.—This is an appeal by defendants from an order granting plaintiffs' motion for a new trial upon the ground

of the insufficiency of the evidence to sustain the verdict in an action under the provisions of section 377 of the Code of Civil Procedure.

There is substantial agreement relative to the topographical conditions existing at the situs of the accident. San Pablo Avenue, running north and south in the city of Oakland, is approximately seventy feet in width, the center thereof divided by a double white line. The easterly half is again divided into two lanes, of which that nearest the curb permits space for parking or traffic. Francisco Street, about thirty-five feet in width intersects San Pablo Avenue. At or near the northerly curb line of Francisco Street is the southerly painted line of a six-foot pedestrian lane marked across San Pablo Avenue from the easterly to the westerly curbs thereof. Decedent, by means of a shaft attached thereto, was pushing or shoving a two-wheel cart about seven feet long and five feet in height from the westerly to the easterly side of San Pablo Avenue in the pedestrian lane. He proceeded to the double line in the center of San Pablo Avenue, halted, and then started to move forward. During this period, a truck, the property of defendant Lawrence Luke, was being operated by defendant Sterling Graham in the course of his employment, northerly on San Pablo Avenue near its intersection with Francisco Street. Just prior to the impact, the truck turned to its right, then swung to the left. The decedent had started running with the cart and as he did so he proceeded outside and to the north of the pedestrian lane. When about five feet from the easterly curb of San Pablo Avenue, outside and beyond the pedestrian lane, the truck struck him, inflicting injuries from which he died.

Respondents place great stress upon the negligence of the driver of the truck, a subject in which we are interested only incidentally, as the appellants for the sole purpose of appeal contend that there is but one issue presented, namely, the contributory negligence of the decedent. In appellants' reply brief a suggestion is made that there is a serious question as to whether or not decedent was a pedestrian. If he was not a pedestrian, he should be placed in the category of an operator of a vehicle. The two-wheel cart might be termed a conveyance but it was propelled by human power and therefore is not within the purview of the term "vehicle" as used in section 31 of chapter 1 of the

Vehicle Code. The decedent was on foot; that is, he was a walker as distinguished from a rider or driver, and he may therefore be declared to be a pedestrian as that term is used in section 560 of the above code.

█ Appellants have submitted a number of leading authorities from this and other states upholding the doctrine that reckless and heedless indifference to one's personal safety requires a determination that the contributory negligence is a question of law. We are mindful, however, of the fact that each case must be determined upon the facts presented, which brings us immediately to the question of whether the court was justified in submitting the contributory negligence issue as a factual matter to the jury. In *Lavin* v. *Fereria*, 10 Cal. App. (2d) 710, 712 [52 Pac. (2d) 518], the court said: "When a person takes no precautions at all for his own safety and is injured, and this conclusion is uncontroverted, contributory negligence is a question to be decided by the court. (*White* v. *Davis*, 103 Cal. App. 531, 542 [284 Pac. 1086]; *Stephens* v. *Kaufmann*, 137 Cal. App. 328, 331 [30 Pac. (2d) 536].) If evidence is introduced relative to the degree of requisite vigilance, and the inferences therefrom are honestly debatable, it becomes a question of fact for the jury to determine. (*Gore* v. *Market Street Ry. Co.*, 4 Cal. (2d) 154 [48 Pac. (2d) 2]; *Salomon* v. *Meyer*, 1 Cal. (2d) 11, 15 [32 Pac. (2d) 631]; *Anderson* v. *Market Street Ry. Co.*, 116 Cal. App. 282, 285 [2 Pac. (2d) 529].)"

In the instant case decedent was attempting to cross at a right angle to the path of the on-coming truck. The driver of the truck was placed on notice that a pedestrian was occupying the lane. (█*Wright* v. *Los Angeles Ry. Corp.*, (Cal. App.) [87 Pac. (2d) 877].) Whether, in view of the distance of the truck from him, it was wise for the pedestrian to halt or to proceed when he reached the double striped line; whether it was prudent to walk or run in propelling the cart; whether decedent moved out of the pedestrian lane before or after the automobile truck swerved in its course, were questions of grave factual importance in determining this issue. Particularly the degree of prudence used by decedent in attempting to avoid the accident, and whether it was the ordinary prudence used by a person under similar

circumstances, were questions of fact. A person entitled to use a safety lane is not required to remain therein if ordinary prudence dictates that removal therefrom will avoid danger. (*Umemoto* v. *McDonald,* 6 Cal. (2d) 587 [58 Pac. (2d) 1274].)

The jury decided either that the defendant driver was not negligent, or if he was, that decedent was guilty of contributory negligence, but the result of the jury's conclusion was finally in the control of the trial judge. (*Smith* v. *Royer,* 181 Cal. 165 [183 Pac. 660]; *Fisher* v. *Zimmerman,* 23 Cal. App. (2d) 696 [73 Pac. (2d) 1243].) In the instant case a scrutiny of the evidence shows that the experienced mind of the judge could reach a different though rational conclusion than the possibly equally reasonable one drawn by the jury. Upon the question of whether or not decedent misjudged his ability to avoid the impact with the truck, and whether he exercised due care and prudence under the particular circumstances presented in this case are debatable questions. Even if this court reached a conclusion in conformity with the views of the jury, it could not impose and substitute its views upon this controvertible issue unless the trial court abused its discretion. (*Anderson* v. *Dahl,* 121 Cal. App. 198 [8 Pac. (2d) 883].) We are not prepared from an examination of the record to so hold.

The order granting a new trial is affirmed.

Knight, Acting P. J., concurred.