## JOHNSON v. RAILWAY EXPRESS AGENCY, Inc.

### No. 7994.

Circuit Court of Appeals, Seventh Circuit.

Nov. 27, 1942.

Rehearing Denied Jan. 4, 1943.

SPARKS, Circuit Judge, dissenting.

John A. Dill, and Burt A. Crowe, both of Chicago, Ill., for appellant.

Royal W. Irwin, of Chicago, Ill., for appellee.

Before EVANS, SPARKS, and MAJOR, Circuit Judges.

MAJOR, Circuit Judge.

This is an appeal from a judgment in favor of the plaintiff, entered on February 27, 1942, in an action to recover damages for personal injury sustained as a result of a collision between a bicycle ridden by the plaintiff and a truck driven by defendant's servant.

The accident occurred at about ten o'clock at night on April 26, 1940, at the intersection of Jefferson and Michigan Streets in Joliet, Illinois. Jefferson Street at the point of intersection was about forty-five feet in width and extended east and west, while Michigan Street was about thirty-six feet in width and extended north and south. Both streets were paved with concrete, and there were four brightly burning electric lights at the intersection. Plaintiff, a boy thirteen years of age, was riding a bicycle in a westerly direction on the north side and near the curb on Jefferson Street. As he approached the intersection, he observed defendant's truck traveling east on the south side of Jefferson, also approaching the intersection. The driver of defendant's truck intended and did make a left turn at the intersection and headed north on Michigan Street. As the truck approached the intersection, it headed in a somewhat northeasterly direction toward the center of Jefferson Street,

apparently preparatory to making a left turn. While there is some discrepancy in plaintiff's testimony as to his exact location at the time defendant's truck reached the intersection, his testimony fairly discloses that plaintiff and defendant's driver arrived at the intersection at substantially the same time. Plaintiff, thinking that he could not with safety proceed in front of the truck, turned his bicycle to the left with the view of passing the truck at its rear. To do so, it was necessary for him to pass onto the south side of the center of Jefferson Street. He discovered, however, that there were cars approaching from the west and for this reason he could not pass the rear of the truck. Hence, plaintiff collided with the truck at a point near its rear end, either while the truck was making the left turn or after it had made the turn and was headed north.

The sole error relied upon for reversal arises from the court's refusal to direct a verdict in favor of the defendant. It is argued that the action of the court in this respect was erroneous for two reasons—(1) that the plaintiff was guilty of such contributory negligence as to bar recovery, and (2) that there was a failure of proof as to negligence, with which the defendant was charged.

Defendant's argument as to plaintiff's contributory negligence is predicated largely upon the contention that the bicycle ridden by the plaintiff was without a headlight in violation of the Illinois statute. Plaintiff contends that the statute makes no such requirement. The issue thus raised involves a construction of certain provisions of the Uniform Act Regulating Traffic on Highways, approved July 9, 1935. (Illinois Revised Statutes, 1939, Chap. 95½.) Defendant relies upon Section 107 of Article XV, entitled "Equipment", which provides:

"Lamps on other vehicles and equipment. All vehicles, including animal-drawn vehicles and including those referred to in Section 102(b) not hereinbefore specifically required to be equipped with lamps, shall at the times specified in section 103 hereof be equipped with at least one lighted lamp or lantern exhibiting a white light visible from a distance of 500 feet to the front of such vehicle and with a lamp or lantern exhibiting a red light visible from a distance of 500 feet to the rear."

Section 102(b) referred to in this section has to do with certain implements of husbandry and is not material. Section 103 referred to in this section provides, among other things: "When upon any highway in this State, during the period from sunset to sunrise, every motorcycle shall carry one lighted lamp and every motor vehicle two lighted lamps showing white lights, or lights of a yellow or amber tint, visible at least five hundred (500) feet in the direction toward which each motorcycle or motor vehicle is proceeding," etc.

It is at once apparent that if Section 107 is applicable, it must be because bicycles are included in the term "all vehicles". That such is not the case, however, is definitely refuted by Section 2(a) of Article I of the Act, whereby the term "vehicle" as used in the Act is defined: "Every device in, upon, or by which any person or property is or may be transported or drawn upon a highway, *except devices moved by human power,* or used exclusively upon stationary rails or tracks." A bicycle being a device "moved by human power", is thus excluded from the term "vehicle". It would seem to follow that the word "vehicle" used in Section 107 does not include bicycles.

Defendant, however, further calls our attention to Section 24 of Article II of the Act, as follows: "Traffic laws apply to persons riding bicycles or animals or driving animal-drawn vehicles. Every person riding a bicycle or an animal or driving any animal drawing a vehicle upon a roadway shall be subject to the provision of this Act applicable to the driver of a vehicle, except those provisions of this Act which by their nature can have no application."

If this section sustains defendant's contention, it is in direct conflict with the section excluding bicycles from the word "vehicle". We are of the view that the requirements of Section 24 are directed at the conduct of persons and not the things therein enumerated. Under this view, there is no conflict between the two paragraphs.

So far as we are advised, the question under discussion has not been decided by an Illinois court. We feel reasonably certain, however, that the statute which requires headlights upon certain vehicles when operated on the highway at night has no application to a bicycle. If it be assumed, however, that defendant's contention in this respect is tenable, it would not necessarily follow that plaintiff's failure to observe the statutory provision would bar

recovery. It still might be a question for the jury, as to whether the alleged violation was the proximate cause of the injury. Jeneary v. Chicago & I. Traction Co., 306 Ill. 392, 395, 138 N.E. 203.

The negligence charged against the defendant, so far as here material, was that its driver made a left hand turn into Michigan Street to the left of the center of the intersection of Michigan and Jefferson, and that the left hand turn was made without giving suitable, sufficient and proper notice, signal and warning. Plaintiff stresses the argument that the defendant, in making the left hand turn, "cut the corner"; that is, that the turn was made to the left of the center of the street intersection rather than to the right, as apparently is required by Section 62(b) of the Act heretofore referred to. On the other hand, the defendant insists that even though it "cut the corner," which it denies, that this could not have been the proximate cause of the collision. The question thus presented is a close one, but we are not prepared to deny plaintiff's contention in this respect. We are of the view that it could have been the proximate cause. But whether so or not, a decision on this point is not determinative of the action of the court in submitting the cause to the jury.

A more impressive argument is predicated upon defendant's alleged failure to observe Section 69 of the Act, which provides: "Any driver of a vehicle approaching an intersection with the intent to make a left turn shall do so with caution and with due regard for traffic approaching from the opposite direction and shall not make such left turn until he can do so with safety."

This provision, no doubt, is applicable, irrespective of whether defendant made a left hand turn to the left or the right of the center of the street intersection. Again, no Illinois court has construed this section, but apparently it imposes a heavy responsibility upon a driver making a left hand turn. Defendant's driver testified that in making the turn he stopped the truck at the center of Jefferson Street for the purpose of permitting the passage of two cars traveling west on Jefferson. Evidently, these were the same two cars referred to by the plaintiff as following him at the time he approached the intersection. There is room for argument that it was the duty of the driver to refrain from proceeding north on Michigan until the west-bound traffic on Jefferson (which included the plaintiff) had been given an opportunity to clear the intersection. After the two cars passed, however, defendant proceeded north on Michigan and blocked Jefferson street to west-bound traffic. It was under these circumstances that the collision occurred.

Defendant's driver testified, and perhaps truthfully, that he did not see plaintiff until after the collision. It may be that his vision was obstructed by the approaching cars or that he was blinded by their lights, just as plaintiff said he was blinded by the lights from defendant's truck. If, by the exercise of ordinary care, however, he could have discovered plaintiff's approach, he was charged with the duty not to make "such left hand turn until he can do so with safety." We think a jury question was presented as to whether defendant's driver should have been aware of plaintiff's approach, and whether the blocking of plaintiff's passage was the proximate cause of the collision. Furthermore, if defendant was responsible for placing the plaintiff in a perilous situation, and we think it reasonably may be inferred that it was, it is in no position to contend that plaintiff, under such circumstances, should have done something different in order to avoid the collision. Obviously, he could not pass in front of the truck, and when he endeavored to pass to the rear discovered too late the cars approaching from the opposite direction. True, it appears that he might have stopped his bicycle in time to have avoided the collision, but it is not helpful to speculate on what might have been done.

We are not prepared to hold as a matter of law either that there was such contributory negligence on the part of the plaintiff or such freedom from negligence on the part of the defendant as to bar a recovery. These were proper questions for a jury, and the court did not err in its submission. The judgment is

Affirmed.

SPARKS, Circuit Judge (dissenting).

I am unable to concur in this opinion for the following reasons: The charges of negligence in this complaint are excessive speed of the truck driver, his turning to the left of the center point of two intersecting streets, and his failure to give sufficient warning of such turning. The evidence does not disclose nor is it argued that ex-

cessive speed of the truck driver was the proximate cause.

With respect to the second charge of negligence, the driver denied that he cut the corner as plaintiff alleged, and defendant contends that if its driver did so, that fact could not have been the proximate cause of the collision. On this conflicting evidence, the jury's verdict requires us to assume that the truck driver did cut the corner. With respect to this negligent act being the proximate cause of the collision, the opinion merely states that the question is a close one, that it could have been the proximate cause, and that this court is not prepared to deny that it was. Under all the evidence here presented I think it could not have been the proximate cause. The opinion further states: "But whether so or not, a decision on this point is not determinative of the action of the [district] court in submitting the cause to the jury."

The opinion further states that a more impressive argument is predicated upon defendant's alleged failure to observe Section 69 of the Illinois Act. It must be borne in mind that the only other charge of negligence is that the truck driver failed to give the plaintiff sufficient warning of his intention to make a left turn northward. It is not denied that plaintiff had noticed that the driver was intending to make a left turn when the front end of the truck was fifteen feet east of the east edge of the viaduct. It was then that plaintiff said he saw the truck begin to turn. That point was thirty-five feet west of the west curb of Michigan Street. Michigan Street is thirty-five feet wide, and plaintiff at that time was eight feet east of the east curb of Michigan Street, so he was from seventy-five to seventy-eight feet east of the truck when he saw it begin to turn into the crossing. Moreover, the two automobiles, which the boy said were behind him, did not pass plaintiff before he veered to his left in order to pass behind the truck. True, the truck driver never saw the boy for the very good reason that the boy by that time was trying to get around the back end of the truck and he said, in substance, that he was intending if necessary to go in the eastbound lane, and would have done so had he not observed other eastbound traffic coming toward him. In the meantime, the two automobiles, which were behind the boy, when he veered to his left, crossed in front of the truck without any commotion or damage.

The plaintiff no doubt saw more of all of this transaction than any other person, and I rely on his statements as to all facts which he purported to relate, in so far as I can reconcile them. It is undenied that plaintiff's bicycle collided not with the side but with the back end of the truck as it was leaving him. He said this occurred because he would have collided with other eastbound traffic immediately behind the truck, had he not thus changed his course. The undisputed evidence further discloses that when he was picked up he was lying over his bicycle, at a point four feet south of the center of Jefferson Street, in the westbound traffic lane, and about seven feet east of the west curb in the north traffic lane of Michigan Street. It is most difficult to understand how he could have landed in that place unless he had been in the eastbound traffic lane. The plaintiff further stated that the truck did not stop at any time, although the truck driver said he had stopped in order to let the two automobiles, which were behind plaintiff, pass to the east. Again I accept plaintiff's version of it, but it is undenied that the truck driver did not cross the north half of Jefferson Street until the two westbound automobiles had passed in front of the truck, and there was no other traffic approaching in that lane, nor on either lane of Michigan Street, except plaintiff who by his own negligence had placed himself behind the truck where the driver could not see him. In any event, I think it must be conceded that the truck driver complied with the Illinois Statute with respect to the two westbound automobiles, and it would have complied with the Statute with respect to plaintiff had he pursued his intended course instead of veering off to his left in front of the approaching automobiles in his attempt to get behind the truck by entering the eastbound traffic lane if necessary. In doing this I think he was negligent. Furthermore, he could have stopped at any time within four feet or less and would not have been in any danger either from the truck or the automobiles which were behind him. I think it cannot be said that he was placed in a perilous position by any act of the defendant whereby he was free to exercise his best judgment, and thereby avoid what otherwise would be considered contributory negligence. No dangerous situation presented itself under these facts until the plaintiff veered to his left, and he did the most unreasonable and unnatural thing of trying to get behind the truck which was

1014

coming off the eastbound traffic lane. Under these facts I think it cannot be said that the truck driver was negligent in not observing him, nor can it be said that the truck driver in any way violated the Illinois Statute referred to.

I think the judgment should be reversed.