CITY OF COLUMBUS, APPELLEE, *v.* RADER, APPELLANT.

(No. 4009—Decided February 3, 1948.)

Mr. Robert E. Leach, traffic prosecutor, for appellee.
Mr. Russ Bothwell, for appellant.

HORNBECK, J. Defendant was tried and sentenced in the Municipal Court of Columbus for the violation of Section 1309a of the ordinances of the city in that, as a driver of an automobile, he unlawfully "failed to yield to traffic on the right, causing accident."

Five errors are assigned, which may be encompassed in two, namely: Did the city make proof of any offense by the defendant and is the judgment against the manifest weight of the evidence?

The affidavit does not make reference to any specific ordinance but in general terms charges that the defendant acted contrary to the ordinances of the city in such cases made and provided.

Section 1309a of the ordinances reads:

"Right of way at intersections. Excepting where otherwise provided, the operator of a vehicle, streetcar or trackless trolley shall yield the right of way at an intersection to a vehicle, streetcar or trackless trolley approaching from the right."

Section 1245 of the ordinances reads:

"Right of way. The right of a vehicle * * * to proceed uninterruptedly in a lawful manner in the direction in which it or he is moving in preference to another vehicle * * * approaching from a different direction into its or his path."

The evidence discloses that the defendant, driving eastwardly on Fifteenth avenue in the city of Columbus, came into the intersection of that avenue with Hamilton avenue and collided with a Ford automobile driven northwardly by one Joseph Massara. The paths of the cars and their relative locations in the intersection at the time of the collision were established, in part, by the testimony of officer Robert Baus who, without objection, introduced a map showing the respective positions of the cars. This chart was made from information given to the officer by the drivers of the cars which came into collision. Massara, driver of the Ford, testified and, in connection with his testimony, drew a plat showing the position of the cars shortly prior to the collision. Both maps show the Ford driven by Massara, which was to the right of the defendant at the intersection, over the center line and to the left thereof an appreciable distance. The record does not substantially contradict the effect of these maps as to the location of the cars.

There is some testimony of Massara that the accident occurred to his right of the center, and that at one place he was a little further to the right than shown by his drawing. Upon the whole, however, it

cannot be reasonably said that the record permits of any other conclusion than that the Massara car at the time of the collision was to his left of the center of the street. The map of the officer shows that the front of the car of the defendant had gotten slightly over and beyond the center line of Hamilton avenue projected. In the map drawn by Massara the cars had not come into collision and it seems probable that it could be deduced from this map that part of defendant's car was over the center line of Hamilton avenue at the time of the collision. The defendant did not take the stand.

It is the contention of defendant that Massara's right of way was assured to him only if he was proceeding in a lawful manner as he came into the intersection. Plaintiff insists that the Massara car had the absolute right to proceed into the intersection, which right must have been accorded to him by the defendant and further that the burden of showing the unlawful driving of the Massara car was upon the defendant.

It is our opinion that it was a material element of plaintiff's case that it show that the Massara car had the right of way at the intersection and that if it was being driven in an unlawful manner it had no such right of way. The burden of proof in this case does not become important because, without respect to the party upon whom it is placed, there is no room for doubt upon the record that the Massara car was being driven on the left of the center of the street. Massara, in driving his car on the left of the center, violated Section 6307-25, General Code, which required him to keep to the right side of the center of the street on which he was driving.

A determination of the question which is new in a criminal action must be made from the language of the ordinances, which is identical with the language

of certain sections of the Code, namely, former Sections 6310-28 and 6310-28a, General Code, now Sections 6307-2 and 6307-40, General Code, and *Morris* v. *Bloomgren*, 127 Ohio St., 147, 187 N. E., 2, 89 A. L. R., 831. That case was a civil action growing out of a collision at an intersection between the plaintiff, Morris, driving westwardly and the defendant, Bloomgren, driving northwardly. Morris, approaching from the right, claimed the right of way. The defendant asserted and offered proof to establish that the plaintiff was driving at an excessive rate of speed when he entered the intersection. Thus, the claim of the unlawful operation of plaintiff's automobile related solely to speed but Judge Jones in his opinion and the court in the syllabus do not restrict their pronouncements as to what would constitute driving in an unlawful manner to speed only as affecting plaintiff's right of way. The first paragraph of the syllabus states that Section 6310-28, General Code, making it mandatory for the driver on the left at the intersection to yield the right of way to the automobile approaching from the right, and Section 6310-28a, General Code, defining right of way, are cognate sections and should be construed together. The third paragraph of the syllabus reads:

"The phrase, 'in a lawful manner,' found in Section 6310-28, General Code, is a *sine qua non* obligation placed upon the vehicle upon which the right of way is conferred. If such vehicle is not proceeding in a lawful manner in approaching or crossing the intersection, but is proceeding in violation of a law or ordinance, such vehicle loses its preferential status and the relative obligations of the drivers of the converging vehicles are governed by the rules of the common law."

At pages 153 and 154, Judge Jones says:

"If the privileged occupant of the right of way is not so proceeding, if at the time of approaching or crossing the intersection he is driving at an unlawful, excessive speed, or if he should be found violating Section 12603, *or should be driving through the intersection on the left or wrong side of the highway,* such driver would not be proceeding in a lawful manner, and could not claim the preference given him by the quoted traffic sections." (Emphasis ours.)

As we interpret that opinion, right of way is known to the statute only when and if the operator of the preferential car is, at the time of entering the intersection, driving in a lawful manner. If he is not so driving, right of way ceases to be an issue. The statutes, and here the ordinances, are cognate and must be read and construed together. There were but two cars involved. If the Ford car to the defendant's right was not proceeding in a lawful manner, then the right of way ordinance was without effect and there was no right of way which the defendant was required to yield. Certainly, although Massara lost his preferential right, the defendant was not relieved from his civil obligation to exercise due care.

There is sound logic in the claim of plaintiff that the obligation upon the defendant should be absolute, that he should accord to an oncoming car to his right the right to proceed and that he cannot be permitted to avoid this obligation, but under the interpretation of *Morris* v. *Bloomgren,* we cannot say that there was any right of way to be yielded to Massara under the applicable provisions of the ordinance and the Code when he violated the law in driving into the intersection.

We are fully cognizant of the fact that contributory negligence is not involved in a criminal prosecution and if there was only the question of the right of the

defendant to assert negligent conduct on the part of the plaintiff, we would readily hold that it had no place in this appeal. But it is an essential of "right of way" written into the ordinance under which it is claimed defendant is prosecuted that the car claiming the right shall proceed in a lawful manner. Clearly this material obligation essential to the application of right of way was not observed by the driver of the Ford.

In the situation thus developed there was no right of way which the defendant was obligated to yield and he could not be found guilty of such an offense.

Although it is not made the subject of an assignment of error, and we, therefore, express no final opinion on the subject, we direct attention to the language of the charge, which is that the defendant as a driver of an automobile "unlawfully failed to yield to traffic on the right, causing accident contrary to the ordinances of said city in such cases made and provided." The applicable ordinances relate to right of way at intersections but there is nothing whatever in the affidavit which charges that the defendant failed to yield the right of way at an intersection. This certainly is proper, if not a requisite, subject matter to be incorporated in the affidavit.

The judgment is reversed because manifestly against the weight of the evidence and the cause remanded for further proceedings according to law.

*Judgment reversed.*

Wiseman, P. J., and Miller, J., concur.