240 P.2d 829

JACKMAN v. HAMERSLEY et al.

No. 7797.

Supreme Court of Idaho.

Feb. 5, 1952.

302

Elam & Burke, Walter M. Oros, and William W. Barrett, all of Boise, for respondent.

Richards, Haga & Eberle and Karl Paine, all of Boise, for appellant.

THOMAS, Justice.

Respondent, hereinafter referred to as the plaintiff, instituted an action to recover damages for personal injuries against

Robert L. Hamersley and his son, James Hamersley, a minor, by and through Robert L. Hamersley as guardian ad litem.

A motion for nonsuit was granted as against the father; from a verdict and judgment for the plaintiff against the minor by and through his father as guardian ad litem, the minor, through such guardian, appealed. There is no cross-appeal from the judgment of nonsuit.

While the plaintiff was walking on the sidewalk in front of the home of the grandparents of James Hamersley on West Jefferson Street in Boise, Idaho, she observed the child, his dog and his small wagon, about 12 to 14 inches wide and approximately 18 to 24 inches long, on the parking between the sidewalk and the curb; plaintiff spoke to the boy and made an observation that the dog did not make a very good horse, but she did not stop. The boy had tied one end of a rope to the handle of the wagon and the other end of the rope was around the neck of the dog. After plaintiff, who was looking ahead in the direction she was walking, had taken four or five rapid steps, the dog, without any warning to her, moved diagonally in front of plaintiff towards the entrance of the residence of the boy's grandparents; the dog was pulling the wagon, which struck plaintiff, causing her to fall to the sidewalk and sustain serious injuries.

The action was premised on general negligence and negligence in the violation of Ordinance No. 1856 of Boise City with reference to the operation and regulation of vehicles.

It is contended by defendant that the facts are not in dispute and that they establish the negligence of the plaintiff as the proximate cause of the injury for the reason that after plaintiff had observed the presence of the small boy, the dog and the wagon, she did not conduct herself as an ordinary, prudent person would under such circumstances; that even though she must have realized the menace and hazard she continued to walk forward without even glancing over her shoulder to see what the dog might be doing and thereby ignored a known hazard and danger; that her conduct in these respects, it is urged, constituted negligence on her part as a matter of law.

Closely akin to the contention that such acts of the plaintiff constituted negligence as a matter of law is the further contention of the defendant that the plaintiff, an adult person, must expect that a child of tender years will act on childish impulses and instinct and the failure of an adult to calculate such impulses and instincts constitutes negligence.

Again, it is urged that the evidence does not in any respect establish negligence on the part of the boy and that the court should have either taken from the jury the question of the negligence of the boy or instructed the jury that he was not in fact negligent. To support this conten-

tion defendant urges that the boy, who had never attemped to hitch the dog to a wagon prior to the day in question did not know or have reason to believe that he might create a hazard; there is some evidence in the record that the dog was quite difficult to handle at times and that he had been tied to the wagon and was on the sidewalk for at least ten minutes prior to the accident, and that the boy was alert, intelligent and quite advanced for his age.

The substance of the contentions of the defendant with reference to negligence and contributory negligence is to the effect that, because there was no conflict in the evidence, as a matter of law the question of negligence, contributory negligence and proximate cause should have been determined by the court and not by the jury.

This court has repeatedly held that where the evidence on material facts is conflicting or where on undisputed facts reasonable and fair-minded men may differ as to the inferences and conclusions to be drawn therefrom, or where different conclusions might reasonably be reached by different minds, the question of negligence, contributory negligence and proximate cause is one of fact to be submitted to the jury and not a question of law for the court. Stowers v. Union Pacific R. Co., 72 Idaho 87, 237 P.2d 1041, and the collection of authorities set forth therein. See also Wright v. Sniffin, 80 Cal.App.2d 358, 181 P.2d 675; Gallardo v. Luke, 33 Cal.App.2d 230, 91 P.2d 211.

Error is assigned in giving Instruction No. 9 to the jury. In giving Instruction No. 9, the court therein called to the attention of the jury the definition of a vehicle as set forth in the ordinance and then went on to instruct the jury therein that it was for the jury to determine whether or not the dog and wagon constituted a vehicle within the meaning of the alleged ordinance and also whether or not the ordinance was an ordinance of the City of Boise.

Ordinance No. 1856 defines a vehicle in the following language:

"For the purpose of this ordinance the following words and phrases shall have the meaning respectively ascribed to them as follows:

"a. Vehicle. Every device in, upon, or by which any person or property is or may be transported or drawn upon a street or highway except devices moved solely by human power or used exclusively upon stationary rails or tracks; for the purpose of this ordinance a bicycle or a ridden animal shall be deemed a vehicle."

Whether or not the city ordinance existed in this case was a question for the court and not for the jury. Walsh v. Public Service Co. of N. H., 92 N.H. 331, 30 A.2d 494. It was error for the court to submit to the jury the question of determining whether or not Ordinance No. 1856 was an ordinance, yet the submission of this matter to the jury was not prejudicial but favorable to the defend-

ant and its submission to the jury does not constitute reversible error. A. J. Knollin & Co. v. Jones, 7 Idaho 466, 63 P. 638; Saccamonno v. Great Northern Ry. Co., 30 Idaho 513, 166 P. 267; Lufkins v. Collins, 2 Idaho, Hasb., 256, 10 P. 300; New England Nat. Bank of Kansas City v. Hubbell, 41 Idaho 129, 238 P. 308.

■ The construction of a city ordinance is a question of law for the court and not one of fact for the jury. Walsh v. Public Service Co. of N. H., supra. It was error for the court to submit to the jury the question of determining whether or not the instrumentality was a vehicle within the meaning of the ordinance; if the instrumentality is a vehicle within the meaning of the ordinance, the error in submitting such question to the jury was not injurious or prejudicial to the defendant, as the jury might have found that the instrumentality was not a vehicle and returned a verdict for the defendant; on the other hand, if such instrumentality is not as a matter of law a vehicle within the meaning of the ordinance then to submit such matter to the jury for determination, as was done under Instruction No. 9, is prejudicial to the defendant and constitutes reversible error.

It necessarily follows that before it can be determined whether or not the giving of that portion of the instruction to the jury, which left for the jury the determination as to whether or not the instrumentality was a vehicle, this court must decide whether or not as a matter of law the instrumentality was a vehicle. To do this it is necessary for the court to construe the ordinance.

■ Rules for the construction of ordinances are the same as those applied to the construction of a statute. Sandona v. City of Cle Elum, 37 Wash.2d 831, 226 P.2d 889; Cloverleaf Trailer Sales Co. v. Borough of Pleasant Hills, 366 Pa. 116, 76 A.2d 872; Town of Torrington v. Taylor, 59 Wyo. 109, 137 P.2d 621; American Bakeries Co. v. City of Opelika, 229 Ala. 388, 157 So. 206; Township of Marple v. Lynam, 151 Pa. Super. 288, 30 A.2d 208; Smith v. Barry, 219 Minn. 182, 17 N.W.2d 324; Dean Milk Co. v. City of Chicago, 385 Ill. 565, 53 N.E.2d 612; 43 C.J., sec. 904, p. 569; 62 C.J.S., Municipal Corporations, § 442.

Ordinance No. 1856 was enacted and became effective on March 1, 1943. The definition of the term "vehicle" therein is identical with the definition found under Sec. 49–501, I.C., enacted in 1927, covering the operation of vehicles upon the highways.

■■ Both the statute above cited and the ordinance were enacted under the police power and relate to the same general subject-matter. They should be read and construed together. City of Columbus v. Rader, 85 Ohio App. 143, 78 N.E.2d 424.

Where the ordinance adopted is a copy of the statute, a municipality is charged with knowledge of the interpretation placed on the words of the statute by the supreme court prior to its adoption. Seaboard Air Line R. Co. v. Bailey, 5 Cir., 190 F.2d 812; City of Mayfield v. Reed, 278 Ky. 5, 127 S.W.2d 847.

As above observed, the legislature, many years prior to the adoption of the ordinance in question, enacted a quite general and comprehensive act governing the operation of vehicles upon public highways and had defined "vehicle" in the same language in which the ordinance defines it and had construed that statute in the case of Franklin v. Wooters, 55 Idaho 619, 45 P.2d 804, to the effect that a push-cart was not a vehicle within the definition of that term as set forth in Sec. 49–501, I.C.

In the case of Johnson v. Railway Express Agency, 7 Cir., 131 F.2d 1009, the court in construing an Illinois statute governing operation of vehicles upon the highway in which the term "vehicle" was defined substantially as under the Idaho statute, except that it does not specifically include bicycles, held that because a bicycle was not specifically mentioned in the definition of a vehicle and was a device moved by human power, it did not come within the definition of a vehicle; the supreme court of Oregon in the case of Haynes v. Sprague, 137 Or. 23, 295 P. 964, under a similar statute of that state, held

that the word vehicle did not include a bicycle because it was not specifically mentioned therein; again, in the case of Gallardo v. Luke, 33 Cal.App.2d 230, 91 P.2d 211, supra, the court held under a similar statute that a push-cart did not come within the definition of a vehicle.

In construing an ordinance or a statute, the sense in which words are used is more important than the dictionary meaning of such words. Kubby v. Hammond, 68 Ariz. 17, 198 P.2d 134; Ex parte Maki, 55 Cal.App.2d 635, 133 P.2d 64.

We can see no justification for developing any distinction between substantially the same language used in the statute and used in the ordinance at a later time and at a time after the statute had been construed, in the absence of a compelling reason, and none exists here.

We are of the opinion that in submitting to the jury the question of determining whether or not the instrumentality was a vehicle when as a matter of law such instrumentality is not a vehicle within the meaning of the ordinance, makes it impossible to determine whether the jury rendered a verdict in favor of the plaintiff on the ground that the defendant was guilty of general negligence, or was guilty of negligence because of operating a vehicle upon the sidewalks in violation of the ordinance, or for both reasons; there is nothing to negative the possibility that

the jury concluded that the instrumentality was a vehicle within the meaning of the ordinance and, for that reason alone, the verdict for plaintiff was returned; where it cannot be determined upon what theory the verdict was returned, then the giving of such an instruction as in this instance operates to the prejudice of the defendant and would require a reversal of the judgment for that reason. Under the conditions it cannot be said that there was no miscarriage of justice when an instruction puts it within the province of the jury to render such verdict upon a theory which has no support in law.

The defendant also assigns as ground for reversal of the judgment the refusal of the court to give the jury certain instructions requested by the defendant. It is unnecessary for this court to discuss the merits of such requested instructions or to determine whether they were proper or whether or not they were covered adequately by instructions which were given the jury, because of the conclusions reached herein that it is necessary to reverse the judgment.

Judgment is reversed and cause remanded for a new trial.

Costs to appellant.

GIVENS, C. J., and PORTER, TAYLOR and KEETON, JJ., concur.