JUSTICE, JOHN D., Associate Judge.
This appeal follows a judgment entered on a jury verdict in favor of the defendant and from a denial of plaintiffs’ motion for a new trial. The plaintiffs below sued the defendant in a cause arising out of an automobile-bicycle accident in which the minor plaintiff was injured.
The facts can be briefly summarized by saying that the plaintiff-child, riding his bicycle on the right edge of a highway, made a left turn in front of the defendant to cross the highway and was struck by defendant’s automobile, approaching from the rear. The plaintiff had been proceeding at a rate of from four (4) to five (5) miles per hour, and acknowledged that his-signal for a left turn was given for only three (3) feet prior to the turn made.
The plaintiffs’ appeal contains many assignments of error. Inasmuch as the case must be reversed and remanded for re-trial, the claimed errors that may be of interest on re-trial will be discussed along with the error upon which reversal is grounded. The other assignments are found to be without merit and would contribute nothing to procedure upon re-trial.
*773 The appellant claims as error:
(1) The refusal to give an instruction on Statute 317.27 relative to the giving of a signal upon overtaking and passing other vehicles.
(2) The refusal to give statutory definition of a “residence district” and to submit to the jury the question of whether or not the site of the accident was in this category.
(3) The giving of defendant’s instruction covering Florida Statute 317.37, F.S.A. which requires all vehicles to give appropriate signal for the last continuous 100 feet before turning.
(4) Instructing the jury that the violation of a state statute was prima facie evidence of negligence; that is, the violator of such statute is presumed negligent.
(5) The giving of an instruction on the emergency doctrine.
(6) The giving of an instruction on the emergency doctrine and on the last clear chance doctrine.
A bicycle is not a vehicle coming within the provisions of Chapter 317, Florida Statutes, F.S.A., Haynes v. Sprague, 1931, 137 Or. 23, 295 P. 964, 965; Johnson v. Railway Express Agency, Inc., 7 Cir. 1943, 131 F.2d 1009, and the refusal to give instructions on Section 317.27 was not error. A determination of the question as to whether or not Florida Statute 317.27 requires the giving of a signal by an overtaking vehicle when passing another vehicle is not essential to a ruling on this assigned error and such determination thus is not made.
In view of the ruling relative to Section 317.27, F.S.A., the giving of the instruction on Section 317.37, F.S.A., was error and the giving thereof is the basis for this reversal. The jury could have concluded that failure to give this signal on the part of the plaintiff was the proximate cause of the accident, and such error cannot be termed harmless.
The refusal of the trial court to give the statutory definition of “residence district” and to submit the question as to whether or not the site of the accident was in this category was not error in light of the testimony. The facts, without conflict, showed that the area was not residential area as defined by the statute. The proffered instruction was properly refused when, as here, the evidence failed to provide a basis for giving said instruction. Williams v. Scott, Fla.App.1963, 153 So.2d 18; 32 Fla.Jur.Trial § 169 and cases cited therein.
 The giving of the instruction that the violator of a state statute is presumed negligent is error, but as the instruction was not objected to during the course of the trial it cannot now be assigned as error. Rule 2.6(b), F.R.C.P., 31 F.S.A.; Smith v. Tantlinger, Fla.App.1958, 102 So.2d 840.
The giving of the instruction on the emergency doctrine was proper under the facts of the case. The fact that the minor plaintiff was in full view of the defendant for some minutes prior to the accident does not preclude the finding of an emergency situation, in view of the testimony indicating that the minor plaintiff made a sudden unannounced turn in front of the defendant.
The plaintiff does not, of course, object to the giving of his own charge on the last clear chance doctrine, but does object to its being given in conjunction with the instruction on the emergency doctrine. He objects that combining these two can do nothing but confuse the jury. As was indicated, the giving of the emergency doctrine charge was proper. The plaintiff requested the other charges. These two charges are not inconsistent and relate to entirely different subjects; the emergency doctrine instruction relates to the quantum of care required of one under certain conditions; the last clear chance doctrine relates to proximate cause.
*774 The judgment of the lower court is reversed, and the cause remanded for further proceedings in conformity with this opinion.
Reversed.
SMITH, C. J., and ANDREWS, J., concur.