FREDERIC A. CARPENTER v. THE PEOPLE OF THE STATE OF ILLINOIS.

*Motion to quash a Fee Bill.*

The general principle upon the subject of costs is, that the party who requires an officer to perform services, for which compensation is allowed, is, in the first instance, liable therefor. In legal contemplation, he pays the costs as they accrue, and it is upon this ground, that the successful party, in a civil action, recovers a judgment for his costs. If he has not actually advanced them, he is still responsible to the officer.

In a criminal case, a successful defendant is not entitled to a judgment against the State for his costs; but he is, nevertheless, liable to pay them to the proper officer, where the costs accrue in the Supreme Court. The ninth section of the eighth article of the Constitution does not exempt him from liability for costs.

MOTION to quash a fee bill, issued by the Clerk of this Court for his fees on a writ of error prosecuted by one convicted in a criminal case in the Circuit Court. The judgment of the Court below was reversed, and the question arose here as to his liability for the costs which he had made.

*J. Gillespie,* in behalf of Carpenter, relied upon the following points:

1. That it would be a great hardship to subject an innocent person,—as one who is acquitted must be considered,—to the payment of costs in asserting his innocence;

2. That the clerk of the Supreme Court is supposed, in cases where the defendant is convicted and in all civil cases, to receive such fees as will compensate for their loss in cases wherein the defendants are acquitted.

He referred to the ninth section of the eighth article of the Constitution, and the fifteenth section of the *"Act concerning Courts."* Rev. Stat. 144.

*L. Trumbull,* for the People, cited the following section from 1 U. S. Dig. 618, title, *"Costs in Criminal Cases"*:

If a defendant in an indictment is acquitted, or if a *nol.*

*pros.* is entered, he pays his own costs only. *State* v. *White-head*, 3 Murph. 223; S. P. *State* v. *Hargate*, C. & N. 63.

The Opinion of the Court was delivered by

TREAT, J. A judgment against Carpenter, on a conviction for a criminal offence, was reversed in this Court. The clerk has issued a fee bill for the costs made by Carpenter in the prosecution of the writ of error. A motion is made to quash the process, on the ground that he is not liable for the costs. The general principle on the subject of costs is, that the party who requires an officer to perform services, for which compensation is allowed, is, in the first instance, liable therefor. In legal contemplation, he pays the costs as they accrue. On this ground, the successful party in a civil action recovers a judgment for his costs. If he has not actually advanced them, he is still responsible to the officer. The judgment is for his benefit, and not on behalf of the officer. The only difference between a civil and a criminal case is, that the successful defendant in the latter is not entitled to a judgment against the State for his costs. He is, nevertheless, liable to pay them to the officer, unless our statute excepts his case from the operation of the general rule. There are some special provisions of the statute relative to the fees of the clerks of Circuit Courts and sheriffs, in cases where the defendant is acquitted, but there are none which apply to the fees of the officers of this Court in such cases. The ninth section of the eighth article of the Constitution does not exempt the defendant in a criminal prosecution from liability for costs. It is the opinion of the Court that *Carpenter is liable for all the costs* made by him in the prosecution of his writ of error.

The motion, therefore, to quash the fee bill will be denied.

*Motion denied.*