## RED v. POLK COUNTY.

1. **Costs**: ON APPEAL IN CRIMINAL CASE: LIABILITY OF COUNTY FOR. A county is not liable for the cost of printing the abstract and argument of a defendant convicted of crime on his appeal to the Supreme Court, though the judgment against him is reversed on such appeal; section §790 of the Code has reference only to sheriff's fees.

*Appeal fom Polk Circuit Court.*

### SATURDAY, APRIL 23.

ACTION to recover of the defendant, Polk county, certain fees. The plaintiff was convicted of the crime of murder. He appealed to the Supreme Court, and the judgment was reversed and remanded, and in the court below the case was dismissed. He avers that in the prosecution of said appeal in the Supreme Court he was obliged, under the rules of said court, to print, and did print, for the use of said court, an abstract of the pleadings and evidence in said cause, and also the argument of his counsel therein, and has paid for said printing, and that, by the rules of said court, he is entitled to have taxed, as costs in said case, the sum of eighty-three dollars.

To the petition the defendant demurred, and the demurrer was sustained. Judgment having been rendered for the defendant, the plaintiff appeals.

*Bowen & Leavens*, for appellant.

*John A. McCall*, for appellee.

ADAMS, CH. J.—Four questions are certified, but it will be sufficient for the disposition of the case to determine the fourth one. That question is in these words: "Where a person is indicted, tried, and convicted of a crime in the District Court, and appeals from the judgment of such District Court to the Supreme Court of the State, and in the

prosecution of an appeal prints an abstract of the record and the argument of his counsel for the use of the Supreme Court, as required by the rules of said court, and upon the hearing in the Supreme Court the judgment of the District Court is reversed and the cause is remanded for a new trial, and such defendant is afterwards discharged in the District Court, is the county where such defendant was so indicted and tried liable to pay a printer's fee for printing such abstract and argument, at the rate of one dollar for each five hundred words embraced in a single copy of the same?"

The plaintiff relies upon section 3790 of the Code, which is in these words: "In all criminal causes where the prosecution fails, or where the money cannot be made from the person liable to pay the same, the facts being certified by the clerk or justice so far as their knowledge extends, and verified by the affidavit of the sheriff, the fees allowed by law in such cases shall be audited by the county auditor and paid out of the county treasury." But, in our opinion, the foregoing was designed to provide only for the payment of sheriff's fees. It is true the language of the provision does not necessarily show such limitation. But the section is found under the heading of "compensation of sheriffs," and the section itself provides that the facts upon which the claim for the fees as against the county rests shall be verified by the affidavit of the sheriff. As he could not be supposed to be cognizant of the facts pertaining to any other fees than his own, the plain inference is that the fees contemplated in the section are his fees. Furthermore, as evidence that the statute was not designed to have general application, fees other than sheriff's fees are provided for elsewhere. The statute, however, does not provide for the payment by the county of costs like those in question, and it appears to us that the county is not liable.

AFFIRMED.