THE STATE *et al.* v. RAINSBARGER.

1.   Costs : IN CRIMINAL CASE : MADE BY DEFENDANT ON APPEAL : LIABILITY OF COUNTY.    Where an indictment was found in one county, and a judgment of conviction was had in another county on a change of venue, and defendant appealed to this court, and the judgment was reversed and the cause remanded, *held* that an order taxing to the county where the trial was had the costs made by defendant on appeal was without authority of any statute, and was void, and should therefore have been set aside upon motion of such county.    ( Compare *Red v. Polk County*, 56 Iowa, 98.)

2. ———: ———: TAXATION TO COUNTY: WHO MAY APPEAL. The state, which is plaintiff in a criminal case, and the county to which costs therein are taxed, are both entitled to appeal from the order taxing the costs to the county, and the defendant cannot have one of the appeals dismissed when it does not appear that he will be prejudiced by allowing them both to stand.

3. ———: TAXATION: EXCEPTIONS. Exceptions duly taken to an order overruling a motion to retax costs bring up the question as to whether they were properly taxed, without any exception to the order taxing the costs.

*Appeal from Marshall District Court.*—HON. JOHN L. STEVENS, Judge.

THE county attorney of Marshall county moved to retax certain costs taxed against Marshall county in the case of *The State of Iowa v. Nathan Rainsbarger.* The motion was overruled, and the state and county both unite in an appeal to this court.

*W. W. Miller*, County Attorney, for appellants.

*Brown & Carney*, for appellee.

BECK, J.—I. The defendant was convicted upon an indictment found in Hardin county for murder, and, upon an appeal to this court, the judgment was reversed and the cause was remanded upon *procedendo* for a new trial. Thereupon, on defendant's motion, the following costs, incurred upon the appeal, were taxed in the case and ordered to be paid by Marshall county:

1. Costs: in criminal case made by defendant on appeal: liability of county.

"1. Maps for abstract................$  4 00
2. Transcript by short-hand reporter.  148 25
3. Abstract, 213 pages, $1.00 per page.  213 00
4. Argument, 43 pages, $1.00 per page    43 00
5. .Reply, 18 pages, $1.00 per page. ..   18 00
6. Transcript by Clerk S. R. McLeran    38 40

    Total.......................$464 65 "

Counsel for the state raised no question as to the sixth item. Having been paid by Hardin county, as

they claim, it is not considered upon this appeal. Subsequently the county attorney moved to retax these costs, and to disallow the same, as they were not required by law to be paid by the state or county. By another motion the county attorney asked that the record taxing the costs be corrected so that it would contain no requirement upon Marshall county to pay the costs. This motion was based on the ground that the law did not authorize the judgment. It was also overruled. Exceptions to these rulings were duly taken.

II. In our opinion both motions should have been sustained. Our attention has been directed to no statute requiring or authorizing costs of this character incurred in the prosecution of an indictment to be taxed to the state or county. In *Red v. Polk County*, 56 Iowa, 98, this court held that similar costs could not be recovered against the county wherein the indictment was found, the accused having been discharged after a judgment of conviction was reversed by this court. The plaintiff in that case relied upon Code, section 3790; but we held that it imposed no liability upon the county.

III. Counsel for the defendant cite Code, section 4381, to sustain the order taxing the costs in question. It is in the following language: "Sec. 4381. In all changes of venue, under the provisions of this chapter, the county from which the change of venue was taken shall pay the expenses and charges of removing, delivering and keeping the defendant, and all other expenses necessary and consequent upon such change of venue and the trial of such defendant, which shall be audited and allowed by the court trying such case." It will be observed that this section does not declare that costs made by defendant shall be paid by the county. It simply provides that the county from which the cause is taken upon change of venue shall pay expenses attending the change of venue. There is no provision as to defendant's costs.

IV. Code, section 3841, is also cited; but it simply

provides that, when costs are paid by the county where the trial is had, they shall be charged to the county wherein the indictment was found. Not one word is found here charging either county with costs made by the person indicted. And no provision of the statutes has been referred to which has this effect. It may be that the correct administration of criminal justice demands such a provision. If it be so, it is a *casus omissus*, which we cannot supply.

V. As there is no law authorizing the taxation of the costs against the county, the order to that effect was made without jurisdiction, and is void. It is not, therefore, an adjudication binding the county. It was proper for the court upon the motions to correct its action, so that this void order would not appear of record.

VI. Counsel for defendant moved to strike certain affidavits filed in support of the motions to retax costs, and correct the order requiring their payment by Marshall county. If these affidavits be disregarded, we would reach the conclusion above announced, for the character of the costs is plainly shown in other parts of the record. We need not, therefore, rule on the motion.

VII. It appears that separate appeals were taken from the original order taxing the costs, and from the orders overruling the motion to retax and to correct the judgment. Of this defendant complains. No prejudice results to defendant if both appeals are permitted to stand, as no additional costs are made, and nothing is thereby done to impede or prevent the just decision of the questions of law and fact arising in the case. The state, being the plaintiff in the case wherein the erroneous taxation of costs was made, may appeal therefrom; and the county, being charged with the costs, may also appeal. Defendant's motion to dismiss the state's appeal is overruled.

2. —: —: taxation to county: who may appeal.

VIII. No exceptions to the original order of taxation of the costs were taken; but exceptions were

3. ——: taxa- taken to the order overruling the motion to
tion: excep- retax the costs, and to the judgment against
tions. Marshall county for the costs. These
exceptions bring before us the questions in the case.

IX. It is urged that the assignments of error are insufficient; but they are sufficiently directed against the order overruling the motion to retax the costs, and the judgment against the county, the very adjudications of which complaint is made.

No other questions arise in the case. The judgment of the district court is

.REVERSED.