BOYKIN v. THE PEOPLE.

1. COSTS IN CRIMINAL CASES.
It seems that in criminal cases, the county not being a party to the suit and not being entitled to institute or control the prosecution, no judgment can be rendered against it for costs.

2. SAME.
In the absence of a statute expressly so providing, costs incurred by a successful defendant in a criminal case in this court cannot be taxed against either the county or the state.

3. SAME—COURT RULE.
The rule of court which contemplates the taxation of costs against the unsuccessful party is applicable to civil cases only.

*Error to the District Court of Arapahoe County.*

*Upon Application to Tax Costs.*

Mr. V. A. ELLIOTT and Mr. D. G. TAYLOR, for the motion.

Messrs. GOUDY & TWITCHELL and Mr. C. H. REDMOND, for Arapahoe County, opposing.

PER CURIAM.    The plaintiff in error, as defendant below, was convicted of murder in the district court of Arapahoe county.    At the April term of this court the conviction was set aside.    In entering up the judgment the clerk, in accordance with the prevailing practice, included therein the costs incurred by the defendant in this court, but without specifying the amount thereof.    Upon presentation by plaintiff in error of his bill for these costs to the board of county commissioners of Arapahoe county, it was disallowed.    He thereupon made a motion in this court to retax the costs, and to have included in the same certain items not theretofore embraced.    This motion was denied, but the exact amount of costs to be included in the judgment was fixed by this court, and the judgment, as thus corrected, was entered.

The board of county commissioners still refusing to pay these costs, the parties to this action, by their counsel, stipulated that a rehearing might be had, which was granted; and this is treated as an original application for an order to tax defendant's costs.    There is thus presented for our determination the question whether, upon the reversal by this court of a conviction in a criminal case, the costs incurred by the defendant in the prosecution of his action in this court can be taxed and recovered against the county of the venue where the offense was laid.

The position of counsel for the county is, *first*, that the county not being a party to the action, no judgment of any kind, in any event, can be rendered against it; *second*, that in this state the costs incurred by a defendant in a criminal case in the prosecution of a writ of error in the supreme court cannot be taxed either against the county or the state.

The court of appeals, in an able opinion by Mr. Justice Thomson, in the case of *Fremont County v. Wilson*, 3 Colo.

App. 492, has held that there is no liability against the county for costs of the defendant in a criminal case tried in the district court, unless the defendant has availed himself of the provisions of section 1001 of the General Statutes of 1883 (Mills' Ann. Stats., sec. 1507), which section, it may be said, is not applicable here.   Counsel for plaintiff in error is not disposed to question the soundness of that opinion, but says that it is inapplicable to the case now before us.   The argument is that although costs were unknown to the common law, and, as such, are solely the creature of the statute, and cannot be taxed in the absence of a law so providing, nevertheless the inherent power of the supreme court to make necessary rules of practice and to enforce obedience to them, reinforced and sanctioned, as it is, by statutes (Mills', sec. 971; Code of 1887, sec. 407), carries with it the implied power, in case of a reversal of a criminal case, to tax against the county in which the offense was committed the costs incurred by the defendant in prosecuting his suit in this court.

We fail, however, to see any distinction in principle between the case decided by the court of appeals and the one at bar.   The district court has the same inherent power, and also the same statutory power, as has the supreme court for making rules of practice, and enforcing obedience to them. These rules of practice, however, by express provision of the statutes cited, must not be inconsistent with the constitution or statute laws of the state.   There is no statute giving costs to a defendant in a case like this, and this court cannot award them under the guise of a power to prescribe rules of practice.

We are cited to article 6, section 9, of the constitution, relating to the clerk of the supreme court, which provides that his "duties and emoluments shall be as prescribed by law, and by the rules of the supreme court," as conferring a power broad enough to authorize the taxing against the county of the costs of the clerk for services rendered by him to a defendant.

Section 19 of the same article is, in some respects, a similar provision applicable to the clerks of district courts. Whatever may be the proper construction of these provisions touching the exclusiveness of the control of these courts over the emoluments of their clerks, we are satisfied that the power of this court to mulct a county for costs made by a defendant in a criminal case cannot be deduced from them. We approve of the decision of the court of appeals, above referred to, and hold the principle thereof applicable to the case which we are now considering.

To the point that the county, not being a party to the suit, and not entitled to institute or control the prosecution, no judgment can be rendered against it, we are cited to *Patterson v. The Officers, etc.*, 11 Ala. 740, and *Edgar Co. v. Mayo*, 3 Gilm. 82, and *Vise v. County, etc.*, 19 Ill. 78, which hold that this cannot be done. Aside from this, this decision can safely be put upon the broader proposition that, in the absence of a statute expressly so providing, costs incurred in this court by a successful defendant in a criminal case cannot be taxed either against the county or the state. To this effect, and to this point, see *The County of Franklin v. Conrad*, 36 Pa. St. 317; *Carpenter v. The People*, 3 Gilm. 147; 4 Am. & Eng. Ency. of Law, pp. 314, 315, 323, 324, and cases cited; *Prince v. The State*, 26 Tenn. 137; *Faust v. The State*, 45 Wis. 273; *Noyes v. The State*, 46 Wis. 250. We are cited to no case holding to the contrary.

The rule of this court which contemplates the taxation of costs against the unsuccessful party must, therefore, be construed as applicable to civil cases only. It may be true that the practice prevailing in this court hitherto has been to enter up judgments for costs, as was done in this case, both in civil and criminal cases. The right to do so in a criminal case has not heretofore been questioned, and so the question involved here has not, until now, been called to the attention of, or passed upon by, this court.

It follows from the foregoing that the defendant is not entitled to recover his costs in this case, and the judgment should be according to the views herein expressed.