STATE OF IOWA v. FRANK DORLAND, Appellant.

**Criminal Appeals:** PRINTING: *Construction of statute.* The provision of Code, section 5462, that in case a judgment in a criminal case is reversed or modified in favor of defendant, on appeal, he shall be entitled to the cost of printing abstracts and briefs not exceeding one dollar for each page, applies to a case decided on appeal after the section took effect, although the printing was done before that day. And Code, section 51, providing that the repeal of existing statutes shall not affect any suit or proceeding had or commenced, refers to *civil* cases only.

TAXATION. The cost of printing the abstract and briefs on appeal by defendant in a criminal case which Code, section 5462, provides he shall recover in case the judgment is reversed or modified in his favor, may be taxed against the county, on motion, in the supreme court, in the main case.

*Appeal from Fayette District Court.*

THURSDAY, MAY 26, 1898.

On motion to tax costs.

*Ainsworth & Ainsworth* and *W. E. Fuller* for the motion.

DEEMER, C. J.——Frank Dorland was convicted of the crime of manslaughter, and appealed to this court. Here the judgment was reversed, and the case remanded. See 103

Iowa, 168.   Defendant now files a motion asking that the cause be redocketed, and that he recover from Fayette county the amount paid for printing abstracts, briefs, and arguments, in the sum of one hundred and fifty-one dollars.   He presents with his motion a receipted bill from the printer, and, as we understand, asks that the amount so paid be taxed as costs against the county wherein the crime is said to have been committed.  The latter part of section 5462 of the Code, which took effect October 1, 1897, is as follows: "And, in case the judgment of the trial court is reversed or modified in favor of the defendant on the appeal of defendant, he shall be entitled to recover the cost of printing abstracts and briefs not exceeding one dollar for each page thereof, to be paid by the county from which the appeal was taken."   Sentence was pronounced upon defendant October 11, 1895, and he appealed to this court on the same day.   The printing was all done prior to the time the new Code went into effect, but the opinion was not filed until October 12, 1897.   Two questions are involved in the determination of the motion: *First,* Does the statute apply to cases pending at the time it went into effect?  *Second.*  Should the cost of printing the abstract and briefs be taxed against the county in the main case, or is recovery to be had in an independent suit?

Prior to the enactment of the paragraph of the statute quoted the county was not liable for the cost of printing defendant's abstracts and briefs in a criminal case, although he secured a reversal or modification of the decision.  *Red v. Polk County,* 56 Iowa, 98; *State v. Rainsbarger,* 74 Iowa, 539.  The statute was undoubtedly enacted to supply this *casus omissus* referred to in the *Rainsbarger Case.*  It relates to the printing of abstracts and briefs for presentation of causes to this court, and makes an allowance for expenses incurred by defendant in prosecuting the appeal.  Such an allowance is clearly of costs; and, if so, there is no reason why it should not apply to pending suits.  While the statute relates to a criminal case, it does not affect the penalty, and is in no sense *ex post facto.*  It is not

asked to make it retroactive, for the case was decided on appeal after the statute took effect. Section 51 of the Code, which says that the repeal of existing statutes shall not affect any suit or proceeding had or commenced, refers to civil cases only. And section 53, which provides that no suit or prosecution pending when the new Code went into effect shall be affected, has no application; for it further provides that the proceedings may be conformed to the provisions of the new Code as far as consistent. The statute in question relates to the remedy, and it is well settled that a particular mode of procedure is not a vested right. On the contrary, the legislature may change or abolish it at pleasure. See *Tilton v. Swift*, 40 Iowa, 78; *Kossuth County v. Wallace*, 60 Iowa, 508; Cooley Constitutional Limitations (5th ed.), 328. In the case of *Drake v. Jordan*, 73 Iowa, 707, we held that a statute providing for the taxation of an attorney's fee passed after an action was commenced, but before its determination, related merely to the remedy, and that attorney's fees should be taxed. See, also, *Farley v. O'Malley*, 77 Iowa, 531; *Farley v. Geisheker*, 78 Iowa, 453. Again, costs are incident to a judgment, and are no part of the relief sought; hence they do not become a debt until judgment is rendered. It follows, therefore, that they are to be taxed and regulated by the statute in force at the time of the termination of the suit. *Meigs v. Parke*, 1 Morris (Iowa), 378; *Com. v. Cambridge*, 4 Metc. (Mass.) 35; *Billings v. Segar*, 11 Mass. 340; *Pelham v. Aldrich*, 8 Gray 515; 5 Enc. Pl. & Prac. pp. 111-113.

We come now to the second question. The statute says defendant "shall be entitled to recover the cost of printing abstracts and briefs." It is manifest, we think, that he is to recover it upon a reversal or modification of the judgment; and the only way in which he can do this is to have them taxed as costs. When so taxed, they are to be paid by the county from which the appeal is taken. The only difficulty to be apprehended from this method of procedure lies in the fact that recovery is limited to the amount actually paid, provided it does not exceed a certain amount.

This suggestion is met by the new rules of this court, which require the party to state and the attorney to certify the actual cost of printing abstracts and arguments. See rule 94. When the costs are taxed, the amount is to be paid by the county. If not so paid, they may undoubtedly be recovered by suit. The motion will be sustained, and the clerk ordered to tax the sum of one hundred and fifty-one dollars against the appellee.— Sustained.