THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RANDALL FOX, Defendant-Appellant.

(No. 72-90; ▮▮▮▮▮▮▮▮)

Third District—October 17, 1972.

John E. Gambill, of Rantoul, for appellant.

Ronald E. Boyer, State's Attorney, of Watseka, for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from the circuit court of Iroquois County which found the defendant Randall Fox guilty of reckless driving and attempting to flee or elude a police officer. On appeal the defendant alleges as error that the trial court erred in denying his demand for a trial by a jury of twelve persons and requiring him to submit to a trial by jury consisting of only six individuals. It is also the defendant's contention that the trial court erred in requiring him to select a jury when there

were only 15 veniremen present when he objected to a venue of less than 24 persons.

In this appeal the State confessed error as to the above issues and therefore the sole issue remaining is whether or not the county of Iroquois should be ordered to pay the costs of preparing the record, the cost of preparing the defendant's abstract, brief and his attorney's fees, all of which were incurred by this appeal.

We believe that the relief sought by the defendant, to-wit, that the county pay for these charges, is improper and should not be granted. Had the defendant been an indigent person then such relief could have been granted by virtue of the provisions of Supreme Court Rule 607. (Ill. Rev. Stat. 1971, ch. 110A, par. 607.) In the instant case the defendant never made the showing of indigency as required by statute but on the contrary employed private counsel. The fact that the State confessed error and defendant prevailed in his appeal does not as a natural consequence result in placing the cost of his appeal upon the county of Iroquois.

Our Supreme Court in the case of *Carpenter v. People*, 8 Ill. 147, stated:

> "The only difference between a civil and a criminal case is, that the successful defendant in the latter is not entitled to a judgment against the state for his costs. * * * It is the opinion of the court that Carpenter is liable for all the costs made by him in the prosecution of his writ of error."

■■ The common law does not authorize taxing or allowing costs in any case and hence in this State judgments for costs must rest upon statutes. The courts cannot merely by inference and implication assume the power and exercise the authority to impose costs against the State. The sovereignty of the government protects it from judgments for costs when it fails in prosecution. The people of the State cannot be charged costs in their own courts for unsuccessfully prosecuting those charged with crime or the violation of the laws. See *Galpin v. City of Chicago*, 249 Ill. 554, 94 N.E. 961; *Ward v. City of Alton*, 23 Ill.App. 475; *City of Monmouth v. Popel*, 183 Ill. 634, 56 N.E. 348; *City of Peoria v. Gugenheim*, 61 Ill.App. 374.

■■ Not only have the reviewing courts consistently held that a city, county or the State is not liable for costs even though they were unsuccessful in the prosecution of a violator of an ordinance or statute but in addition thereto there has long been in our statutes the following provision:

> "In all suits and actions commenced or to be commenced for and

on behalf of the people of this state, or the governor thereof, or for or on behalf of any county of this state, or in the name of any person for the use of the people of this state, or any county, then and in every such case, if the plaintiff shall recover any debt or damages in such action or suit, the plaintiff shall recover costs as any other person in like cases; but if such plaintiff suffer a discontinuance, or be   non-suited or non-pros'd, or verdict pass against such plaintiff, the defendant shall not recover any costs whatever.   *   *   *." Ill. Rev. Stat. 1874, ch. 33, par. 17.

■■ In view of expressions set forth in the opinions of our courts of review and the statute enacted by our legislature we hold that the relief prayed for by the defendant is improper. There is no authority in our State for directing that the county of Iroquois pay to the defendant the costs he incurred in perfecting this appeal.

While denying the defendant this relief we nevertheless reverse without remand the judgment of guilty and the sentence imposed thereon by the circuit court of Iroquois County.

Judgment reversed.

ALLOY, P. J., and DIXON, J., concur.