746 P.2d 1013

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Patricia M. PETERSON, Defendant-Appellant.**

**No. 16751.**

Court of Appeals of Idaho.

Nov. 23, 1987.

Bruce H. Greene, Sandpoint, for defendant-appellant.

Jim Jones, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

This case presents the question whether a defendant, who is successful as the prevailing party on appeal in a criminal action, is entitled to a recovery against the state of costs incurred in the appeal. Answering the question in the negative, we uphold the order of the district court denying the recovery of such costs.

The case comes to us with the following background. Patricia Peterson was found guilty, by a jury in the magistrate division, of driving while under the influence. She appealed to the district court; the conviction was set aside and the case was remanded for a new trial. Thereafter, the magistrate dismissed the charge. Peterson then filed a motion in district court for recovery of her transcript and briefing costs incurred in the earlier appeal. The district court denied her request. Peterson appeals, seeking review of the district court's order refusing to allow the recovery of appellate costs.

*Ruling Below*

The district court denied Peterson's motion for allowance of costs, applying the general rule that—in the absence of a statute providing otherwise—the state is not liable for costs incurred by the successful defendant in a criminal prosecution. *See generally*, 20 AM.JUR.2d COSTS § 107, p. 83 (1965); 20 C.J.S. COSTS § 435, p. 677 (1940). The court concluded that this rule prevails in Idaho, citing *Chicago, Milwaukee & St. Paul Railway Co. v. Public Utilities Commission*, 47 Idaho 346, 275 P.

780 (1929).[1] The court also noted that our legislature recently had enacted I.C. § 12–117, providing for recovery of attorney fees, witness fees, and expenses in any administrative or civil judicial proceeding involving as adverse parties a state agency and a person, where "the court finds in favor of the person and also finds that the state agency acted without a reasonable basis in fact or law." 1984 Idaho Sess. Laws, ch. 204 § 1, p. 501. The district court observed that I.C. § 12–117 made no reference to criminal cases. Having found no explicit statutory authorization for assessment of costs against the state in a criminal action, the district court denied Peterson's motion.

## Appellant's Analysis

Peterson bases her claim for recovery of costs not upon any statute, but instead upon the Idaho Appellate Rules. She utilizes the following approach. First, she points out that appeals from misdemeanor convictions in the magistrate division are governed by the Idaho Criminal Rules. *See* I.M.C.R. 17. She also correctly points out that, unless the district court enters an order for the preparation of a transcript at public expense, the appellant is responsible for the cost of the transcript.[2] She next states, again correctly, that the criminal rules contain no provision as to how costs are to be claimed or recovered. She points, however, to former rule 54(u) (now enumerated Rule 54.18) providing that "[a]ny appellate procedure not specified or covered by these rules shall be in accordance with the appropriate appellate rule [I.A.R.] or the appropriate rules of these criminal rules [I.C.R.] to the extent that they are not contrary to this Rule 54." Finally, she points to I.A.R. 40 which allows the recovery of costs for briefs and transcripts incurred by the prevailing party to an appeal. This analysis, she asserts, establishes the basis for her right to recover the claimed costs. She further contends that no objection to her request for costs was filed by the state within fourteen days of the request, as required by I.A.R. 40(d), thus resulting in a waiver by the state to the allowance of the costs.

## State v. Hartwig

While Peterson's case was wending its way through the Idaho judicial system, the case of *State v. Hartwig* was on a parallel track, but preceding by a few months the progress of the instant appeal. Because we believe a ruling by our Supreme Court in *Hartwig*—which ruling was unpublished and not publicly reported—is dispositive of the issue before us, we will divert from the instant case and venture momentarily with *Hartwig*.

In *State v. Hartwig*, 112 Idaho 370, 732 P.2d 339 (Ct.App.1987), we set aside a judgment of conviction and remanded the case

---

1. *Chicago Railway* involved a railroad freight rate proceeding before the Idaho Public Utilities Commission. The Idaho Supreme Court had affirmed the Commission's order, but on appeal to the United States Supreme Court, the order was reversed. Upon remand, the Idaho Supreme Court was presented with the question whether the railway, as appellant, was entitled to recover costs on appeal incurred in the Idaho courts and before the United States Supreme Court. We quote from the Idaho decision (omitting citations and inserting presently codified statutes):

   Appellants are entitled to judgment for the costs which were taxed in the supreme court of the United States ... but not to their costs in this court. In so far as the Public Utilities Commission is a party to this proceeding, the state is a party.... Costs against the state are allowed only when provided by statute, either expressly or by necessary implication.

   Provision is made by [I.C. § 12–118] for the payment of costs by the state when costs are taxed against the state; but the only statute that has been called to our attention under which it is urged costs may be taxed against the state in this proceeding is [I.C. § 12–107], providing generally that upon appeal, except when a new trial is ordered or a judgment modified, the prevailing party shall recover costs. It is commonly considered that a general statute of this nature does not apply to the state ... particularly when the state is a party in its governmental capacity.... Appellant's [sic] costs in this court are therefore disallowed.

   47 Idaho at 351, 275 P. at 781.

2. The provisions for preparation of a transcript on appeal to the district court are found in I.C.R. 54. This rule was revised and realigned into several subparts effective November 1, 1987.

for a new trial. Thereafter, in proceedings not appearing in our reported opinion, Hartwig timely filed a request for recovery of his transcript and briefing costs incurred on appeal. The state objected, arguing that Idaho law does not authorize the award of costs against the state to a successful party in a criminal appeal. Because the issue appeared to be one of first impression involving appellate rules adopted by the Idaho Supreme Court, we requested that the Supreme Court determine whether Hartwig could recover his claimed costs. The Supreme Court accepted the referral.

A review of the briefs filed by the parties on the question of costs in *Hartwig* shows that the same analysis and arguments were presented as appear in the instant matter, with one exception. Hartwig posed the additional argument that I.C. § 19–2801 provided a delegation of authority from the legislature to the Supreme Court to allow assessment of costs against the state in criminal appeals. That statute provides:

> An appeal may be taken to the Supreme Court from the district court in a criminal action by such parties from such judgments and orders of the district court, and within such times and in such manner as prescribed by Rule of the Supreme Court.

Consequently, Hartwig argued that because I.A.R. 40 does not explicitly distinguish between civil and criminal actions in its reference to prevailing parties, the allowance of costs against the state was implicitly authorized by the legislature and provided for by rule of the Supreme Court.

Notwithstanding these assertions, the Supreme Court denied Hartwig's claim for costs. The Court's order was unpublished and contains no analysis, discussion or rationale.

Based upon the arguments posed in *Hartwig*, which are largely the same as those raised by the parties in the instant appeal, we conclude that the Supreme Court adhered to the rule asserted by the state—that absent an explicit statutory authorization, costs of transcripts or briefs, incurred by a defendant who successfully prevails on an appeal in a criminal action, are not recoverable against the state.[3] Cases from other jurisdictions, applying this same principle, include *Boykin v. People*, 23 Colo. 183, 46 P. 635 (1896); *State v. Rainsbarger*, 74 Iowa 539, 38 N.W. 403 (1888); *People v. Fox*, 7 Ill.App.3d 707, 288 N.E.2d 500 (1972); *State v. Ball*, 158 S.W.2d 182 (Mo.App.1942); *State v. Amsden*, 86 Or. 55, 167 P. 1014 (1917); *Dunn v. State*, 683 S.W.2d 729 (Tex.App.1984); *see also* 20 C.J.S. COSTS § 477, p. 710 (1940). Since the appellant's costs are not recoverable as a matter of law, we are unpersuaded that the state's alleged failure to timely file a formal objection under I.A.R. 40(d) created any right of recovery under Peterson's theory of waiver.

For the foregoing reasons, we affirm the order of the district court refusing to grant Peterson's motion for recovery of costs on appeal.

BURNETT and SWANSTROM, JJ., concur.

---

**3.** Arguably, the Supreme Court in *Hartwig* may have considered the claimed cost award to be a matter of discretionary allowance, since I.A.R. 40 states that costs "shall be allowed ... unless otherwise provided by law or [by] order of the Court." However, as noted, the order in *Hartwig* does not indicate the ruling was based upon an exercise of discretion. We decline to impress such an interpretation upon the *Hartwig* order absent any indication from the Supreme Court that we are free to do so. Moreover, even if the allowance was a discretionary matter, and such a rule could be applied to the instant case, there is no showing of an abuse of discretion by the court below.