755 P.2d 1315

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Robert C. SPURR, Defendant–Appellant.**

**No. 16799.**

Court of Appeals of Idaho.

June 2, 1988.

Michael J. Vrable, Hayden, for defendant-appellant.

Jim Jones, Atty. Gen. by Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

BURNETT, Judge.

In the magistrate division of the district court, a Kootenai County jury found Robert Spurr guilty of obstructing a police officer and committing a battery upon a police officer. When Spurr appealed the judgment, the district court affirmed. Spurr has appealed again, bringing us the following issues: (1) whether the magistrate erred in refusing to instruct the jury concerning a citizen's right to resist excessive force by police; (2) whether, in the

circumstances of this case, separate convictions for battery upon a police officer and for obstructing an officer would constitute double punishment; and (3) whether a criminal defendant should receive attorney fees if he prevails on appeal. We reverse the decision of the district court and remand the case for further proceedings.

While driving through the town of Hayden, two Kootenai County deputies noticed Spurr and his girlfriend walking along the road. Spurr was staggering, as if intoxicated. When the patrol car approached, Spurr spat at it. Suspecting that Spurr was drunk, the officers decided to stop and question him. They parked their vehicle in such a manner as to intercept Spurr on his way to a bar. One of the officers asked Spurr for identification. Spurr became belligerent, uttering profanities.

Events then accelerated. The officers testified that Spurr appeared to lunge at the officer questioning him. Spurr denied it. In any event, the officer's partner immediately grabbed Spurr from behind, locking his arms. Spurr then began screaming and flailing about. To subdue Spurr, the officers wrestled him to the ground and handcuffed him. Spurr was brought to his feet but again began to struggle and kick. The officers once more pushed him to the ground. Spurr was then brought to his feet again and was searched for weapons. Spurr continued his resistance throughout and was placed in the back of the patrol car. Spurr continued to kick while inside the vehicle. Fearing that Spurr would damage the car's interior, the officers opened the doors to restrain him. According to Spurr, the officers dragged him out of the patrol car and onto the ground. However, the officers testified that Spurr ejected himself from the back seat by vigorous kicking motions. They further testified that upon hitting the ground Spurr kicked one of the officers in the knee. The deputies finally were able to restrain Spurr by tying his feet together.

As a result of these events, Spurr was issued three misdemeanor citations charg-

ing him with obstructing a public officer in discharge of his duties, I.C. § 18–705; battery upon a police officer, I.C. §§ 18–903, –915; and malicious injury to property, I.C. § 18–7001. Following a jury trial, Spurr was convicted on the first two charges. A verdict of not guilty was rendered on the charge of malicious injury to property.

## I

Spurr first challenges the magistrate's refusal to instruct the jury on the right of a citizen to resist excessive force by police.[1] Rather than present the proposed instruction, the trial court instructed the jury as follows:

> YOU ARE INSTRUCTED that if a person has reasonable ground to believe he is being arrested by a peace officer, it is his duty to refrain from using force or any weapon in resisting arrest regardless of whether or not there is a legal basis for the arrest. An individual may not use force to resist an arrest by one he knows or has good reason to believe is an authorized peace officer in the performance of his duties.

The court's instruction enunciated a rule applicable to arrests, whether valid or invalid, peacefully undertaken by police officers. *See State v. Richardson*, 95 Idaho 446, 511 P.2d 263 (1973). However, there was a conflict in the evidence as to whether the officers in this case undertook to make a peaceful arrest. Spurr claimed that the officers started the altercation by using force from the outset. The officers testified that they had resorted to force only in response to Spurr's assaultive behavior.

■ A trial judge is required to charge the jury with "all matters necessary for their information." I.C. § 19–2132(a). This includes presenting the jury with the

law as applied to the defendant's theory of justification or excuse. *See State v. Allen*, 113 Idaho 676, 747 P.2d 85 (Ct.App.1987). The defendant is entitled to instructions on his theory of the case if he presents some evidence, at least, in support of his position. *State v. Pennell*, 108 Idaho 669, 701 P.2d 289 (Ct.App.1985). The question here is whether, if the officers improperly used force as contended by Spurr, he had a right to resist.

■ A person has a constitutional right not to be subjected to excessive force by law enforcement officers in the performance of their duties. *Sprague v. City of Burley*, 109 Idaho 656, 710 P.2d 566 (1985). Furthermore, a defendant has a right to defend himself against the use of excessive force by an officer. *State v. Hartwig*, 112 Idaho 370, 732 P.2d 339 (Ct. App.1987). The determination of whether excessive force has been used is a question of fact for the jury. *Sprague v. City of Burley, supra.*

■ Here, the evidence was undisputed that force had been used on Spurr. There was a question of fact whether Spurr had made a lunge at one officer, justifying the other in grabbing Spurr from behind. There also was a related question whether the officers at any time used force to an excessive degree. These were questions for the jury to decide. Thus, it was critical that the jury be informed that if the officers had used excessive force, Spurr had a right reasonably to defend himself. *State v. Hartwig, supra.* The instruction given by the magistrate completely removed this question from the jury's consideration. It simply stated that Spurr could not resist the officers so long as the arrest was legal.

Accordingly, we hold that the magistrate failed to instruct the jury fully. The omis-

---

1. Spurr's proposed instruction stated the following:

> YOU ARE INSTRUCTED that an officer is not permitted to use unreasonable or excessive force in making an otherwise lawful arrest.
> If an officer does use unreasonable or excessive force in making an arrest, the person

being arrested may lawfully use reasonable force to protect himself.
> Thus, if you find that the officer used unreasonable or excessive force in making or attempting to make the arrest in question, and that the Defendant used only reasonable force to protect himself, the Defendant is not guilty of BATTERY ON A POLICE OFFICER.

sion constitutes reversible error, entitling Spurr to a new trial. If upon retrial the same evidence is presented, the magistrate should give an instruction concerning the right to resist excessive force employed during an arrest.

## II

For guidance on remand, we briefly discuss Spurr's remaining contentions. Spurr asserts that separate convictions for battery upon a police officer and for obstructing a police officer would violate the double jeopardy provisions of the Fifth Amendment to the United States Constitution and the prohibition, contained in I.C. § 18–301, against multiple punishments for the same acts.[2] We base our reasoning upon the statutory ground. Therefore, we need not reach the federal constitutional question.

Here the state urges that the convictions are predicated upon temporally discrete acts and, as such, cannot violate the provisions of the statute. The state explains that the battery charge arose out of Spurr's kicking one officer in the knee and that the obstructing charge resulted from Spurr's continuous struggling with both officers.

■ Where two distinct crimes arise from a sequence of events, conviction for both offenses will not violate the double punishment prohibition. *See State v. Chapman*, 112 Idaho 1011, 739 P.2d 310 (1987). However, upon the present record, it is not entirely clear whether Spurr's actions are divisible into separate events. *Compare Bates v. State*, 106 Idaho 395, 679 P.2d 672 (Ct.App.1984) (acts constituting assault with a deadly weapon inseparable from acts supporting charge of attempted rape). A jury might view the alleged act of battery—the kick making contact with an officer—either as a fortuitous event subsumed by the general struggle or as an event separated in time and place

from the rest of the altercation. Upon this determination the application of I.C. § 18–301 depends. Accordingly, we direct the magistrate on remand to instruct the jury that they cannot convict of both offenses unless they are convinced beyond a reasonable doubt that both alleged crimes arose out of separate and distinct acts, each accompanied by criminal intent. Absent such a finding, the jury can convict of only one offense.

## III

■ Finally, Spurr requests attorney fees on appeal under I.A.R. 40, 41. Because we are remanding the case for a new trial, rather than directing an acquittal, it is not entirely clear that Spurr is a "prevailing party." But even if he were so characterized, we have held that a criminal appellant may not recover appeal costs under I.A.R. 40. *State v. Peterson*, 113 Idaho 554, 746 P.2d 1013 (Ct.App.1987). We see no principled distinction between awards of appeal costs and awards of attorney fees. Absent an explicit statutory authorization, attorney fees incurred by a defendant who prevails on appeal in a criminal action are not recoverable against the state. *Cf. Chicago Milwaukee & St. Paul Railway Co. v. Public Utilities Commission*, 47 Idaho 346, 275 P. 780 (1929) (litigation against Public Utilities Commission).

The district court's decision, upholding the judgments of conviction, is reversed. The case is remanded to the district court with instruction to remand it further to the magistrate division for proceedings consistent with this opinion.

WALTERS, C.J., and SWANSTROM, J., concur.

---

2. Section 18–301 provides:
An act or omission which is made punishable in different ways by different provisions of

this code may be punished under either of such provisions, but in no case can it be punished under more than one....