801 P.2d 1287

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Richard L. ROLL, Defendant–Appellant.**

No. 17584.

Court of Appeals of Idaho.

Nov. 26, 1990.

Richard L. Roll, appellant pro se.

Jim Jones, Atty. Gen. and Michael Kane, Deputy Atty. Gen., argued, Boise, for respondent.

SILAK, Judge.

Richard Roll appeals from a judgment of conviction under City of Notus Ordinance No. 126 for failing to remove rubbish from his property. We reverse.

The facts of the case are as follows. On November 25, 1986, the City of Notus filed a complaint against Roll for alleged violation of Notus City Ordinance No. 126 (the "ordinance").[1] The complaint alleged that "on or about the 24th day of November, 1986," Roll had "willfully, intentionally and unlawfully refuse [sic] to remove rubbish,

---

**1.** The ordinance is entitled, "An Ordinance Providing For a Penalty For Failure to Remove From Streets, Alleys, and Property, Weeds, Trash, Rubbish and Combustibles, Together With a Savings Clause." The pertinent parts of the ordinance for purposes of this appeal are as follows:

Section 2. WEEDS AND RUBBISH TO BE REMOVED FROM PROPERTY. Every owner, manager, agent, tenant, or occupant of real property situated within the City of Notus, Idaho ... shall remove and keep removed from such real property all rubbish, refuse and waste matter of every kind or nature. ...
Violation of this provision shall be a misdemeanor.
Section 3. PENALTY FOR VIOLATION. Any person refusing or neglecting to comply with the provisions of either Section 1 or Section 2 of this ordinance within fifteen (15)

refuse and waste matter of everykind [sic] or nature from his real property ... after written demands to do so." The complaint charged Roll with a violation of the ordinance without reference to any particular section. Roll filed a motion to dismiss the complaint on the basis that he had not been provided with notice as required by the ordinance. The magistrate denied the motion, and the case proceeded to trial. The jury was instructed, in Instruction No. 8, that they could find Roll guilty of a misdemeanor under Section 2 of the ordinance if they found that Roll had "willfully, intentionally and unlawfully refused to comply with Section 2 of [the ordinance]." Section 2 was quoted, in pertinent part, in Instruction No. 7. The jury instructions did not require a finding that Roll had been given the notice of violation specified in the ordinance, nor that he had refused or neglected to comply with Section 2 after the fifteen days specified in Section 3 of the ordinance. The jury found Roll guilty, and the magistrate sentenced him to ninety days in jail and a $250 fine. All jail time and $150 of the fine were suspended.

Roll's motion to set aside the judgment was denied. Roll appealed the judgment to the district court. There, he raised several issues, including a challenge stating that he did not receive adequate notice under the ordinance, and a challenge to the jury instructions. The district court affirmed the judgment of the magistrate court. Roll raises essentially the same issues on this appeal.

■ At trial, counsel for Roll made no objection to any of the jury instructions.

Roll challenged the validity of Instruction No. 7 in his appeal to the district court, arguing that the magistrate erred in basing the instruction on only Section 2, since the ordinance contains notice requirements in Sections 3 and 4. Stated differently, Roll objected that not all the elements of the offense were required to be found by the jury, in that the jury should have been instructed that they must find that notice was given as required by Sections 3 and 4 of the ordinance, and that Roll refused to remove the refuse after proper notice. The district court refused to consider the objection to the jury instruction because it was first raised on appeal and was not made to the magistrate. The district court did not, at the time of its decision, have the benefit of the Supreme Court's holding in *State v. Smith*, 117 Idaho 225, 786 P.2d 1127 (1990). In *Smith*, the Supreme Court held that the failure to object to an instruction at trial in a criminal case does not constitute a waiver of any objection to the instruction on appeal. *Smith* at 229, 786 P.2d at 1131. Therefore, we may consider Roll's objection to the jury instruction, first raised before the district court and now raised on appeal to this Court.

■ Failure to instruct the jury properly regarding an essential element of the crime charged constitutes clear error. *See People v. Williams*, 707 P.2d 1023, 1026 (Colo.App.1985). The question whether the jury was properly instructed is a question of law over which we exercise free review. *Nettleton v. Thompson*, 117 Idaho 308, 310, 787 P.2d 294, 296 (Ct.App.1990); *see, e.g., State v. Lankford*, 116 Idaho 860, 867,

days after notice to do so given in writing by the Police Chief, City Clerk, or the Street and Alley Committee shall be deemed guilty of a misdemeanor.
Section 4. FAILURE TO COMPLY. Whenever there is a failure to comply with the provisions of Section 1 or Section 2 of this Ordinance, the City Clerk, by and with the authority of the City Council, shall cause notice to be given to all owners, managers, tenants, and occupants of real property located in the City of Notus, Idaho, requiring them to comply with such provisions of the said Sections of this Ordinance as shall be specified in such notice. Such notice shall be given by mailing

a copy to the owners, posting a copy on the building or property and by personally serving the owner or occupant with a copy. And, if such owners, tenants, or occupants shall fail to comply with such provisions of the said Sections as shall be specified in such notice within fifteen (15) days after such notice, the City of Notus, Idaho may proceed to remove and keep removed the things required to be removed under the said sections and specified in such notice.... Violation of this provision shall be a misdemeanor.

781 P.2d 197, 204 (1989). Analysis of Roll's argument requires that we interpret what the ordinance requires for conviction of a misdemeanor violation.

■ After reviewing the ordinance as a whole, we conclude that the ordinance is ambiguous as to the elements of a misdemeanor offense. Section 2 requires owners or occupants of real property to remove from the property rubbish, refuse and waste matter, and concludes that "[v]iolation of this provision shall be a misdemeanor." When read in isolation, Section 2 seems to expose the violator to the criminal penalty when the violator's property is not in compliance with Section 2, without notice by the city of a failure to comply. When Section 3 is consulted, however, it casts doubt upon this interpretation of Section 2. Section 3 states the misdemeanor penalty for violation of Section 2, but appears to permit this penalty only after the violator refuses or neglects to comply with Section 2 "within fifteen (15) days after notice to do so is given in writing by the Police Chief, City Clerk or the Street and Alley Committee."

■ This apparent inconsistency between Sections 2 and 3 requires that we interpret the ordinance with reference to principles of statutory construction.[2] As the Supreme Court stated in *State v. Thompson*, 101 Idaho 430, 437, 614 P.2d 970, 977 (1980), well-settled principles of statutory construction require that, when a criminal statute is ambiguous, it must be strictly construed in favor of the defendant. This principle extends to the elements of the substantive crime. *Id.* Any

ambiguity should be resolved in favor of lenity. *Rewis v. United States*, 401 U.S. 808, 812, 91 S.Ct. 1056, 1059, 28 L.Ed.2d 493 (1971); *State v. Thompson, supra; State v. McKaughen*, 108 Idaho 471, 473, 700 P.2d 93, 95 (Ct.App.1985).

■ Challenged Instruction No. 7 defined the misdemeanor crime only with reference to Section 2 of the ordinance. Jury Instruction No. 8, which listed the elements of the offense, basically tracked Section 2. The principles of statutory construction which we must follow compel the conclusion that proof of refusal to remove rubbish after the required form of notice has been given by the city is an element of a misdemeanor offense under the ordinance. Although the city argued to the magistrate that Section 2 alone could support a misdemeanor conviction, the ambiguity in the statute which is created by the seeming conflict between Sections 2 and 3 must be resolved in favor of the criminal defendant.[3] Thus, we hold that an essential element of the offense was omitted from the jury instructions: the refusal or neglect to comply with Section 2 after notice as required by Section 3.[4]

As to Roll's other arguments, including constitutional claims, we need not reach them because our decision that the jury instructions did not properly instruct the jury on the elements of the offense resolves this case. We will not address constitutional questions not necessary to the resolution of a case. *V–1 Oil Co. v. State Tax Comm'n*, 112 Idaho 508, 733 P.2d 729 (1987); *Nelson v. Boundary County*, 109 Idaho 205, 706 P.2d 94 (Ct.App.1985); *Packard v. Joint School District No. 171*, 104 Idaho 604, 661 P.2d 770 (Ct.App.1983).

2. Rules for the construction of an ordinance are the same as those applied to the construction of a statute. *Jackman v. Hamersley*, 72 Idaho 301, 305, 240 P.2d 829, 832 (1952).

3. At trial, the city introduced evidence of written notice, a letter to Roll on the stationery of the city attorney's law firm, with no indication that it was sent from or at the direction of the Police Chief, City Clerk, or the Street and Alley Committee, nor indeed from any city official. The letter warned Roll that if he did not comply with Section 2 of the ordinance within *ten* days,

further action would be taken. This form of written notice plainly did not meet the requirements of Section 3.

4. Since our holding as to the proper interpretation of Sections 2 and 3 resolves this appeal, we reach no conclusion as to whether Section 4–type notice must likewise be given before a person may be prosecuted for a misdemeanor under the ordinance.

Roll also objects to actions he claims the city took in removing personal property from his yard. Those actions appear to have been taken following the appellate decision of the district court, but no record has been presented to us regarding the basis for or circumstances of the alleged removal. We therefore decline to make any determination as to this issue, and this opinion has no issue or claim preclusion effect with respect to the claims, if any, that Roll may have as to the seizure of his property.

Roll has requested attorney fees and costs under I.A.R. 40 and 41 and under Idaho Code §§ 12–120 and 12–121. Idaho Code §§ 12–120 and 12–121 apply only to civil actions and are not applicable to this case. Roll's request for costs and attorney fees under the appellate rules also fails. In *State v. Peterson*, 113 Idaho 554, 746 P.2d 1013 (Ct.App.1987), this Court held that a successful criminal appellant could not recover costs against the state absent explicit statutory authorization. In *State v. Spurr*, 114 Idaho 277, 755 P.2d 1315 (Ct.App.1988), this Court held that a successful criminal appellant could not recover attorney fees absent an explicit statutory authorization. Roll has failed to present any statutory authority supporting his contention that he is entitled either to costs or to attorney fees. Accordingly, we deny Roll's request for costs and attorney fees on appeal.

For the foregoing reasons, we reverse the judgment of conviction.

WALTERS, C.J., and SWANSTROM, J., concur.